Frank L. TETRO, III, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 01–7031.

United States Court of Appeals, Federal Circuit.

Jan. 3, 2003.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant. On the brief was Jeffrey Wood, of York, Pennsylvania.

Edward P. Sullivan, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; Mark A. Melnick, Assistant Director; and Heide L. Herrmann, Trial Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and David J. Barrans, Attorney, Department of Veterans Affairs, of Washington, DC. ·

Before MICHEL, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

Frank L. Tetro, III, appeals the decision of the United States Court of Appeals for Veterans Claims, Vet.App. No. 97–1192 (Sept. 6, 2000), affirming the March 1997 decision of the Board of Veterans' Appeals (Board). In its March 1997 decision, the Board declined to grant Mr. Tetro an effective date for his non-service-connected pension benefits earlier than April 26, 1991, the date that Mr. Tetro applied to reopen his claim. Because a procedural error, even if it did occur, does not vitiate the finality of the March 1990 decision, this court affirms.

I.

Mr. Tetro served on active duty in the U.S. Navy from September 1964 to August 1968. In December 1984, he filed a claim with the Department of Veterans Affairs (VA) for a non-service-connected disability pension, asserting that he was permanently and totally disabled due to injuries sustained in a work-related accident in November 1983. A VA Regional Office (RO) denied the claim in March 1985, finding that Mr. Tetro was not permanently and totally disabled. The RO issued a confirmed rating decision in August 1987, and Mr. Tetro appealed the decision to the Board. In March 1988, the Board remanded the claim to the RO for development of additional medical·evidence. On remand, the RO obtained a number of medical records of examination and treatment by VA and non-VA physicians.

In September 1989, Mr. Tetro provided the RO with a copy of a February 22, 1989 Social Security Administration (SSA) decision. The Social Security Administration decision found Mr. Tetro totally disabled and awarded him disability benefits commencing on May 17, 1985. In a March 1990 decision, the Board denied Mr. Tetro's pension claim, finding that he was not permanently and totally disabled. In reaching its decision, the Board considered and referred to the SSA decision, including the medical evidence supporting the SSA determination. In addition, the Board took testimony on Mr. Tetro's behalf from one of the treating physicians referenced

in the SSA decision. Having taken these steps to discern the medical and legal bases of the SSA decision, the Board did not request copies of medical records submitted to the SSA.

In June 1991, Mr. Tetro requested the reopening of his pension claim. The VA deferred action pending receipt of medical records from the SSA, which it received in October 1994. In December 1994, the RO granted Mr. Tetro a non-service-connected pension and assigned an effective date of June 1991. Mr. Tetro appealed to the Board seeking an earlier effective date. In a March 1997 decision, the Board assigned an effective date of April 26, 1991, concluding that Mr. Tetro had filed an informal claim to reopen on that date.

Mr. Tetro appealed the issue of the effective date for award of pension to the Court of Appeals for Veterans Claims. In its April 4, 2000 panel opinion, the Court of Appeals for Veterans Claims determined that the Board had violated the duty to assist under 38 U.S.C. § 5107(a) by failing to get the medical records associated with the SSA decision. That court further determined that this violation was a grave procedural error that vitiated the finality of the March 1990 Board decision.

Later, the Court of Appeals for Veterans Claims issued *Simmons v. West*, 14 Vet.App. 84 (2000) (stating a "garden variety" breach of the VA's duty to assist does not toll the finality of an underlying decision by the RO). In light of *Simmons*, the Secretary moved for reconsideration of Mr. Tetro's case. On September 6, 2000, the Court of Appeals for Veterans Claims withdrew its April 2000 decision and declined to grant Mr. Tetro an earlier effective date under the "grave procedural error" analysis of *Hayre v. West*, 188 F.3d 1327 (Fed.Cir.1999). This appeal followed. This court has jurisdiction over this appeal under 38 U.S.C. § 7292(c) (2000).

II.

This court reviews a trial court's statutory interpretation without deference. 38 U.S.C. § 7292(d)(e) (2000); *Epps v. Gober*, 126 F.3d 1464, 1466 (Fed.Cir.1997); *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir.1991). This court does not review factual determinations by the Court of Appeals for Veterans Claims, or its application of law to factual situations. 38 U.S.C. § 7292(d)(2) (2000); *Bustos v. West*, 179 F.3d 1378, 1380 (Fed.Cir.1999).

■ Under 38 U.S.C. § 7105(c), if a veteran does not appeal an RO decision, that decision is "final." Title 38 creates two exceptions to this finality: (1) the Secretary must reopen a claim "[i]f new and material evidence [regarding the claim] is presented or secured," 38 U.S.C. § 5108, and (2) a decision "is subject to revision [for] clear and unmistakable error," *id.* § 5109A(a). Title 38 acknowledges no other exceptions to finality. In *Hayre v. West*, this court created a third exception to the finality rule of Title 38:

A breach of the duty to assist in which the VA failed to obtain pertinent SMRs specifically requested by the claimant and failed to provide the claimant notice explaining the deficiency is a procedural error of, at least, comparable gravity that vitiates the finality of an RO decision for purposes of direct appeal.

188 F.3d 1327, 1333 (Fed.Cir.1999). Recognizing it created a new exception to the two statutory exceptions to finality, this court, however, later explained that *Hayre* was an "extremely narrow decision." *Cook v. Principi*, 258 F.3d 1311, 1314 (Fed.Cir.2001). After further considering the issue, this court recently overruled *Hayre*, acknowledging that "[t]he statutory scheme provides only two exceptions to the rule of finality," and that nothing "indicates that Congress intended to allow additional exceptions to the finality of VA decisions based upon 'grave proce-

dural error.'" *Cook v. Principi,* 318 F.3d 1334, 1339 (Fed.Cir.2002). In so holding, this court expressly concluded that "a breach of the duty to assist the veteran does not vitiate the finality of an RO decision." *Id.* at 1341. The same principle applies to a Board decision, as we have here.

■ In this case, Mr. Tetro does not assert either of the statutory exceptions to the finality rule. Instead, he seeks to reopen the March 1990 decision by the Board on the theory that he suffered a "grave procedural error" under *Hayre.* Mr. Tetro argues that the VA committed a grave procedural error by not obtaining the medical records associated with the SSA decision.

Having overruled *Hayre,* even a proven allegation of "grave procedural error" based on a VA breach of the duty to assist is insufficient for circumventing the rule of finality. Assuming, *arguendo,* that the Board's failure to procure the SSA records constitutes a breach of the duty to assist and is a grave procedural error, that error no longer invokes a judicial exception to the finality rule enabling reconsideration of the March 1990 Board decision. Mr. Tetro still has available the two statutory exceptions to finality, should his case warrant reopening, but his instant appeal based solely on *Hayre* must fail.

## CONCLUSION

The Board's violation of the duty to assist, if any, did not vitiate the finality of the Board's March 1990 decision.

## COSTS

Each party shall bear its own costs.

*AFFIRMED.*