NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7088

JACK L. ZAVILLA,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Jack L. Zavilla, of Chicora, Pennsylvania, pro se.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2006-7088

JACK L. ZAVILLA,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-236, Judge Lawrence B. Hagel.

_____

DECIDED:    October 10, 2008

_____

Before MAYER, SCHALL, and MOORE, Circuit Judges.

PER CURIAM.

Jack L. Zavilla appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), Zavilla v. Nicholson, No. 04-236 (Vet. App. Jan. 24, 2006), affirming a Board of Veterans' Appeals decision denying service connection for a back disorder. Because we lack jurisdiction, we dismiss his appeal.

Zavilla served in the United States Navy from 1974 to 1976. In 1999, the board granted him service connection for a left knee disability. In February 2004, the board denied service connection for a back disorder. The board determined that: (1) the back

condition was not incurred in service, and (2) the disorder was not caused by his service-connected knee disability.  On appeal, the Veterans Court affirmed.

Zavilla sets forth many reasons why he believes the decision of the Veterans Court was erroneous.  He argues that the court improperly relied on the opinions of "unqualified" medical examiners in concluding that his back disability order was not service connected.  He further contends that the court incorrectly found that he suffered no prejudice as a result of an alleged failure to provide adequate notice of the evidence required to substantiate his claims.  See 38 U.S.C. § 5103(a).

Our authority to review a decision of the Veterans Court is limited.  We may review such a decision only to the extent that it pertains to the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. §§ 7292(a), 7292(c).  Unless an appeal from the Veterans Court presents a constitutional issue, we do not otherwise have jurisdiction to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

Because Zavilla's appeal involves only challenges to factual determinations and the application of law to the facts of his case, we have no authority to consider it.  See Newhouse v. Nicholson, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute . . . prevents us from reviewing [a veteran's] contentions regarding actual prejudice."); Tetro v. Principi, 314 F.3d 1310, 1312 (Fed. Cir. 2003) ("This court does

not review factual determinations by the [Veterans Court], or its application of law to factual situations.").