# United States Court of Appeals for the Federal Circuit

---

**VICKIE H. AKERS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7018

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-3983, Judge Robert N. Davis.

---

Decided: March 23, 2012

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel,

and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, LOURIE, and LINN, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* LINN.

Concurring opinion filed by *Circuit Judge* LOURIE.

LINN, *Circuit Judge.*

Vickie H. Akers ("Akers") appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") refusing to grant Akers an earlier effective date for dependency and indemnity compensation benefits. *See Akers v. Shinseki*, No. 08-3983, 2010 WL 3452490 (Vet. App. Aug. 31, 2010) ("Veterans Court Op."), *reconsideration denied by Akers v. Shinseki*, No. 08-3983, 2010 WL 3759875 (Vet. App. Sept. 27, 2010). Because the Veterans Court committed no reversible legal error in its affirmance of the Board's decision, this court affirms.

## I. BACKGROUND

Akers is the widow of James D. Akers ("Mr. Akers"), a veteran who died on February 12, 2002. Mr. Akers had service connected post-traumatic stress disorder rated at 100% disabling at the time of his death. Akers applied for dependency and indemnity compensation benefits in February 2002. In July 2002, Akers's claim was denied. In February 2003, Akers filed a Notice of Disagreement and on May 9, 2003, the regional office of the United States Department of Veterans Affairs ("DVA") mailed Akers a Statement of the Case in which it informed Akers that it was continuing to deny her claim and that she

could appeal its decision within sixty days. On September 16, 2003, Akers filed an untimely appeal using VA Form 9, entitled "Appeal to the Board of Veterans' Appeals." J.A. 55. Akers checked the box on Form 9 corresponding to the statement "I want to appeal all of the issues listed on the Statement of the Case." *Id.* On October 3, 2003, DVA informed Akers that her appeal was untimely and that the denial of her claim had become final. DVA informed Akers that her claim could only be reopened if she submitted new and material evidence.

In July 2004, DVA received Akers's submission of a Statement in Support of Claim, along with supporting evidence, which stated that Akers wished to reopen her claim for service connection of Mr. Akers's death. DVA initially denied Akers's request to reopen her claim on the ground that Akers had not submitted new and material evidence. Akers appealed, and submitted additional evidence on the basis of which her claim was eventually reopened and granted effective from July 2004, when DVA first received Akers's request to reopen her claim.

Akers filed a Notice of Disagreement seeking to make her benefits effective as of the date of Mr. Akers's death. DVA denied Akers's request for an earlier effective date and Akers appealed to the Board. The Board found that Akers's Form 9 submission was a substantive appeal and that Akers did not attempt to reopen her claim until July 2004. The Board found "no evidence revealing that [Akers] indicated an intent to apply for [dependency and indemnity compensation] benefits between the prior final disallowance of the claim in June 2002 and the date of the receipt of the claim to reopen on July 21, 2004." No. 07-21 566, slip op. at 7 (Bd. Vet. App. Sept. 12, 2008).

Akers appealed the Board's decision to the Veterans Court. The Veterans Court affirmed, quoting the Board's fact finding set forth above, and further reciting that:

The Board [stated]: "In fact, the appellant conce[d]d during her hearing that she did not file a claim to reopen until July 2004." *Id.*; *see also* R. at 19-20 (November 2007 hearing testimony in which Mrs. Akers, when asked "Was there any claim filed [] prior to July 21, 2004, other than the original claim that was denied?" responded, "No, Ma'am, no."). The Board concluded, "As the record contains no such communication or action from the appellant until July 21, 2004, there is no factual or legal basis to assign an earlier effective date." *Id.*

Veterans Court Op., at *2. Of particular relevance to this appeal, the Veterans Court also stated that:

While the Board did not specifically discuss whether the September 16, 2003, communication constituted a claim to reopen, its statement of reasons and bases was adequate nonetheless. *In order for the September document to have constituted a claim to reopen, it would have needed accompanying new and material evidence. See* 38 C.F.R. § 3.156(a). . . . Mrs. Akers did not attach any evidence to the September submission. It therefore would have been impossible for the Board to reopen the claim based on the September 16, 2003, communication. Because of this impossibility, it was not error for the Board to fail to discuss whether the September communication constituted a claim to reopen.

*Id.* (emphasis added).

Akers moved for reconsideration and the Veterans Court denied her motion. *Akers v. Shinseki*, No. 08-3983, 2010 WL 3759875 (Sept. 27, 2010). Akers timely ap-

pealed and asserts that this court has jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

### A. Standard of Review

"This court reviews legal determinations of the Veterans Court de novo. If the decision of the Veterans Court is not in accordance with law, this court has authority to modify, reverse, or remand the case as appropriate." *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009) (citations omitted).

### B. Analysis

Before this court, Akers argues that the Veterans Court misinterpreted 38 C.F.R. § 3.156(a) by creating a requirement that a request to reopen a previously adjudicated claim must itself be accompanied by new and material evidence. According to Akers, neither the regulation, nor the statute which it implements, 38 U.S.C. § 5108, requires that new and material evidence actually accompany a claim to reopen. Rather, Akers argues, both provisions require only that new and material evidence be submitted at some time before the request to reopen can be granted.

Akers also argues that the Veterans Court committed a second error of law by failing to address Akers's contention that her Form 9 submission constituted an informal claim to reopen her previously adjudicated claim pursuant to 38 C.F.R. § 3.155. According to Akers, the Veterans Court's misinterpretation of section 3.156 caused it to reject Akers's interpretation of section 3.155 *sub silentio.* Akers states that it is an undisputed fact that prior to her

Form 9 submission she had expressed the intent to apply for benefits. Akers further argues that it is undisputed that DVA understood the identity of the benefit Akers was seeking from her Form 9 submission. Thus, according to Akers, it is a question of law based on undisputed facts whether her Form 9 constituted an informal claim to reopen her previously adjudicated claim.

DVA responds that Akers's appeal raises factual issues beyond this court's jurisdiction. Specifically, DVA argues that Akers asks this court to disturb the Board's factual determination, as affirmed by the Veterans Court, that Akers never expressed an intent to apply for benefits between the final denial of her original claim and her July 2004 request to reopen her claim. DVA also argues that the Veterans Court never purported to interpret either section 3.155 or 3.156 in its opinion. According to DVA, Akers's argument boils down to an assertion that the Veterans Court failed to recite the catechism that the Board's factual determination that Akers never expressed the requisite intent (including in her Form 9) was not clearly erroneous. Thus, according to DVA, this appeal should be dismissed for lack of jurisdiction.

DVA argues in the alternative that to the extent that the Veterans Court interpreted sections 3.155 and 3.156, it committed no reversible legal error. According to DVA, the Veterans Court did not base its holding on a categorical rule that no claim to reopen will ever be recognized absent simultaneous submission of new and material evidence, but rather that such evidence would have been necessary on the facts of this case. DVA also argues that the Veterans Court's reference to Akers's lack of intent to reopen her claim proved that the Veterans Court had applied the correct interpretation of section 3.155.

This appeal therefore requires us to decide: (1) whether Akers has presented an issue of law which this

court has the authority to review; and, if so, (2) whether the Veterans Court correctly interpreted 38 U.S.C. § 5108 and 38 C.F.R. § 3.156 to preclude the treatment of Akers's untimely appeal as an informal claim to reopen her previously adjudicated claim for purposes of determining an effective date of benefits.

## 1. This Court's Authority

We begin with DVA's challenge to this court's authority to review Akers's appeal. This court's power to review decisions of the Veterans Court is limited. 38 U.S.C. § 7292(d)(2) states that "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, [this court] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *See also Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) (explaining with regard to an alleged informal claim that "the interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction." (citation omitted)); *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact.").

While this court agrees with DVA that the Veterans Court recited the Board's fact finding in its own opinion, and that such fact finding is beyond this court's jurisdiction, it is apparent that the Veterans Court based its holding not exclusively on that fact finding, but also on its interpretation of 38 C.F.R. § 3.156 and implicitly the statutory provision it implements, 38 U.S.C. § 5108. The Veterans Court effectively interpreted those provisions as requiring that an informal claim to reopen a previously decided claim be accompanied by new and material evidence in order to establish an effective date of benefits.

According to the Veterans Court, "[i]n order for the September document to have constituted a claim to reopen, it would have needed accompanying new and material evidence." Veterans Court Op., at *2. Akers is therefore correct that this court has the authority to review the Veterans Court's interpretation of 38 U.S.C. § 5108 and 38 C.F.R. § 3.156.

## 2. Effective Date

Whether Akers is entitled to an earlier effective date of benefits depends on whether her September 2003 Form 9 appeal qualified as an informal application to reopen her previously adjudicated claim and whether such application must be accompanied by or at least proffer new and material evidence.

The requirements for submitting an informal claim are generally established by 38 C.F.R. § 3.155(a), which provides in relevant part that "[a]ny communication or action, indicating an intent to apply for one or more benefits . . . may be considered an informal claim." This court has held that to qualify as an informal claim, a communication must: (1) be in writing; (2) indicate an intent to apply for benefits; and (3) identify the benefits sought. *Rodriguez v. West*, 189 F.3d 1351, 1354 (Fed. Cir. 1999). Further, 38 C.F.R. § 3.155(c) expressly recognizes, in the context of a claim for dependency and indemnity compensation, that "an informal request for . . . reopening will be accepted as a claim." *See also Tetro v. Principi*, 314 F.3d 1310, 1312 (Fed. Cir. 2003) (reciting that claimant "had filed an informal claim to reopen"); *Sagainza v. Derwinski*, 1 Vet. App. 575, 579 (1991) (recognizing an informal claim to reopen previously adjudicated claim). Relevant to this case is the recognition that "statements cannot constitute informal requests to reopen . . . [if] they fail to demonstrate an intent to reopen a disallowed

claim." *King v. Shinseki*, 23 Vet. App. 464, 469 (2010), *aff'd by King v. Shinseki*, 430 F. App'x 890 (Fed. Cir. 2011).

38 U.S.C. § 5108 states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." The implementing regulation, 38 C.F.R. § 3.156(a), states in relevant part that "[a] claimant may reopen a finally adjudicated claim by submitting new and material evidence." Both the statute and the regulation expressly and unambiguously require that new and material evidence be obtained for a claim to be reopened.

Benefits awarded pursuant to a reopened claim are generally effective from the date of the application to reopen. 38 U.S.C. § 5110(a) provides that:

> Unless specifically provided otherwise in this chapter, the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of an application therefor.

Likewise, 38 C.F.R. § 3.400 provides that:

> Except as otherwise provided, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on . . . a claim reopened after final disallowance . . . will be the date of receipt of the claim or the date entitlement arose, whichever is the later.

*See also Comer v. Peake*, 552 F.3d 1362, 1370 (Fed. Cir. 2009) ("The earliest effective date for an award based on a veteran's request to reopen a final decision based on new

and material evidence is generally the date that the application to reopen was filed."). This general rule is clear but does not answer the question of whether new and material evidence must be submitted, or at least proffered, at the same time the application is filed.

38 C.F.R. § 3.156(b), entitled "[p]ending claim," helps answer that question and provides guidance on the relationship between the effective date of benefits and the submission of new and material evidence. That provision states that "[n]ew and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." This court has acknowledged that section 3.156(b) applies to claims to reopen previously decided claims. *See Jackson v. Nicholson*, 449 F.3d 1204, 1207-08 (Fed. Cir. 2006) (explaining that "if a claim is reopened based on new and material evidence presented before an 'appellate decision' the effective date of the claim will be the date of the original request to reopen . . ." and further explaining that "[i]f a case is remanded to the VA by either the Veterans Court or this court for further adjudication and the issuance of a new Board decision, and new and material evidence has been submitted while the case is still on appeal in the court system, the effective date of the claim may be measured by the date on which the request to reopen was first filed . . . [because u]nder these circumstances, the original proceeding has not been terminated"). Under this regulation, it is evident that the requirements for an application to reopen a claim are not the same as the requirements to actually reopen the claim.

This conclusion is also evident from other important provisions within the pro-claimant framework of veterans' benefits. For instance, 38 U.S.C. § 5103(a) provides in

relevant part that "upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant . . . of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim." *See also* 38 C.F.R. § 3.159(b)(1). This duty includes the duty to explain what "new and material evidence" means. Significantly, this duty only arises after DVA receives a claim. *See Kent v. Nicholson*, 20 Vet. App. 1, 9 (2006) (explaining that the duty to notify includes explaining to the veteran seeking to reopen the claim the precise nature of the requisite "new" and "material" evidence because these terms "have specific, technical meanings that are not commonly known to VA claimants").

Likewise, while 38 U.S.C. § 5103A "does not require [DVA] to assist claimants attempting to reopen previously disallowed claims absent the provision of 'new and material evidence' . . . [DVA] has chosen to assist claimants attempting to reopen in limited circumstances" to wit, in obtaining necessary records. *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1353 (Fed. Cir. 2003) (citing 38 C.F.R. § 3.159(c)(1)-(3)). Both of these duties support the conclusions that an application to reopen does not necessarily require the simultaneous submission or proffer of new and material evidence and that the effective date of an application to reopen is not tied to the date when such evidence is actually submitted. Indeed, in this very case, DVA recognized Akers's 2004 submission as a request to reopen a previously adjudicated claim and accordingly applied 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400 to award Akers an effective date based on the filing of that request, notwithstanding that when filed it contained no new and material evidence. In its January 2005 rating decision, the VA expressly stated: "*We received a request to reopen a previous claim* on July 22, 2004. Based on a review of the evidence . . . we have made the following decision on *your claim* . . . . The claim

for service connection for the cause of death remains denied *because the evidence is not new and material.*" J.A. 61 (emphasis added). This record shows that DVA understood that applying to reopen a claim is one thing and actually reopening it is something else.

Finally, it is important to note that permitting the perfecting of an informal claim that evinces an intent to reopen by the subsequent filing of new and material evidence does not give any special or undeserved advantage to veterans who successfully reopen their claims and are ultimately awarded benefits based on "the date of receipt of the claim" under 38 C.F.R. § 3.400. A veteran who relies on the "receipt of the claim" prong of section 3.400, rather than the "date entitlement arose" prong, *by definition* had an entitlement to benefits that existed *before* the date of the relevant application to reopen. There is no injustice if such claimants are awarded the effective date when they first asked DVA to reconsider its prior decision. And because claims that are not ultimately supported by new and material evidence will be denied in due course, there is no potential for harm to the government.

For the above reasons, it is apparent that the requirements to *recognize* an informal request to reopen a claim, and the requirements to *grant* such a request, are different: While actually reopening a claim requires new and material evidence, an informal request to do so does not.[1] Even though such an informal claim would ulti-

---

[1] The Concurrence—while first contending that "there is no application to reopen" in the absence of new and material evidence—concedes that an *informal* claim to reopen does *not* need to include new and material evidence but "must, at minimum, indicate an intent to submit the required new and material evidence." Concurrence 2. But there is no principled difference between an informal application that states, "I want to reopen my claim" and one that states, "I want to reopen my claim

mately be denied if no new and material evidence were forthcoming, an informal claim to reopen a previously decided claim can be accepted for purposes of establishing an effective date of benefits before the requisite new and material evidence has actually been submitted. Accordingly, this court holds that for purposes of establishing an effective date of benefits ultimately granted pursuant to a reopened claim, an otherwise proper informal request to reopen such a claim need not be accompanied by the simultaneous submission or proffer of new and material evidence.

In this case, the Veterans Court erred by importing the new and material evidence requirement from 38 U.S.C. § 5108 and 38 C.F.R. § 3.156(a) into the requirements for filing an informal claim to reopen a previously decided claim under 38 C.F.R. § 3.155(a) and (c). This error, however, was harmless. *See Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004). While this court cannot review the factual sufficiency of evidence in appeals from the Veterans Court, we have jurisdiction to determine as a matter of law that there is a total lack of evidence to support a particular conclusion. *See Waltzer v. Nicholson,* 447 F.3d 1378, 1380 (Fed. Cir. 2006). Akers's Form 9 appeal contained no evidence of any kind showing an intent to reopen her previously decided claim. The Form 9 was therefore legally insufficient evidence of the requisite intent to reopen. Thus, the Veterans Court's imposition of an incorrect evidentiary burden on informal claimants was harmless error. Akers's remaining arguments have been considered and are without merit.

---

based on new and material evidence." Nothing in the regulation requires that an informal claim evince anything more than an "intent to apply for one or more benefits." The regulation does not purport to require a statement of the specific basis of the claim, at least for purposes of establishing an effective date.

## III. Conclusion

For the foregoing reasons, the decision of the Veterans Court is affirmed.

## **AFFIRMED**

## Costs

Each party shall bear its own costs.

# United States Court of Appeals
# for the Federal Circuit

---

**VICKIE H. AKERS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7018

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-3983, Judge Robert N. Davis.

---

LOURIE, *Circuit Judge*, concurring.

Although I agree with the result reached in this case by the majority, I disagree with its reasoning, particularly its interpretation of 38 C.F.R. § 3.155. As the majority correctly notes, 38 C.F.R. § 3.155(c) permits a veteran to make an informal claim to reopen a previously decided claim, and there is no explicit requirement in that provision to present new and material evidence. However, both 38 U.S.C. § 5108 and 38 C.F.R. § 3.156(a) plainly condition reopening on the submission of new and material evidence. As the statute provides, "*If* new and material evidence is presented . . . the Secretary shall reopen the claim . . . ," 38 U.S.C. § 5108 (emphasis added), and as the regulation states, "[a] claimant may reopen a finally

adjudicated claim *by submitting new and material evidence,*" 38 C.F.R. § 3.156(a) (emphasis added). The word "if" is conditional, and the word "by" is procedural. Unless the "if" occurs and the "by" is effected—in other words, unless new and material evidence is submitted—there is no application to reopen. New and material evidence, then, is the *sine qua non* of an application to reopen; any legally sufficient application to reopen requires new and material evidence.

In that respect, an informal claim is no different. Because an informal claim under 38 C.F.R. § 3.155(a) must "indicat[e] an intent to apply for one or more benefits," and because applying to reopen requires submitting new and material evidence, an "informal request for . . . reopening" under § 3.155(c) must, at minimum, indicate an intent to submit the required new and material evidence.

Thus, the Veterans Court correctly imported a new and material evidence requirement into the requirements for an informal claim to reopen. The majority's interpretation of § 3.155, in contrast, divorces the new and material evidence from the application to reopen, relegating the essential statutory requirement of new and material evidence to a mere afterthought.

My understanding of 38 C.F.R. § 3.155 is consistent with the other relevant statutes, including the effective date provision. Under 38 U.S.C. § 5110, "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." An application to reopen requires new and material evidence, so the effective date of an informal claim to reopen cannot be earlier than the date that a veteran indicates an intent to apply, that is, an intent to submit the required new and material evidence.

In the present case, the handling of Akers's claim by the Board and the Veterans Court constituted a correct application of 38 C.F.R. § 3.155. Because Akers's VA Form 9 did not indicate any intent to reopen by submitting new and material evidence, the Form 9 could not, as a matter of law, constitute an informal claim to reopen. Akers's July 2004 submission was another matter, however. In that submission Akers not only stated that she wished to reopen her previously decided claim, but, critically, she also stated her intent to submit new and material evidence. Although the evidence submitted by Akers in July 2004 was ultimately deemed insufficient, in February 2006 she provided new and material evidence substantiating her claim. As the Veterans Court affirmed, Akers's successful claim to reopen thus had an effective date of July 2004—the date she was found to have indicated her intent to submit new and material evidence to reopen her claim. We lack jurisdiction to review questions of fact or the application of law to fact. However, because Akers's Form 9 was legally deficient under 38 C.F.R. § 3.155 by the reasoning I have set forth above, affirmance is the correct result in this case.