Citation Nr: 1522732 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-22 800 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure. 

2. Entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

D. Chad Johnson, Associate Counsel


INTRODUCTION


The Veteran served on active duty from April 1966 to April 1970. 

This appeal comes to the Board of Veterans' Appeals (Board) from an October 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Little Rock, Arkansas. 

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a February 2014 Board hearing held at the Little Rock RO and a transcript of the hearing has been associated with the claims file. 

The issue of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ). 


FINDINGS OF FACT

1. An October 2008 RO decision denied entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure. The Veteran did not appeal that decision or submit new and material evidence within the one-year appeal period. 

2. Evidence received since the October 2008 RO decision that was not previously of record and not cumulative or redundant of evidence already of record, relates to a previously unestablished fact necessary to substantiate the claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, and raises a reasonable possibility of substantiating the claim. 


CONCLUSIONS OF LAW

1. The October 2008 RO decision denying entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.302, 20.1103 (2014). 

2. New and material evidence sufficient to reopen the previously denied claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, has been added to the record. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Due Process

VA has duties to notify and assist claimants in substantiating claims for VA benefits. See 38 U.S.C.A. § 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). Regarding the Veteran's claim to reopen his previously denied claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, the Board notes that the Veteran is entitled to general notice of the requirement for new and material evidence. See Akers v. Shinseki, 673 F.3d 1352, 1358 (Fed. Cir. 2012). Such notice was provided in an August 2010 notice letter sent to the Veteran. 

Any further discussed of VA' duties to notify and assist is not required, given the Board's favorable decision herein. 



II. New and Material Evidence - Diabetes Mellitus

Generally, when a claim is disallowed, it may not be reopened and allowed, and a claim based on the same factual basis may not be considered. 38 U.S.C.A. § 7105(c) (West 2014). However, a claim on which there is a final decision may be reopened if new and material evidence is submitted. 38 U.S.C.A. § 5108 (West 2014). 

New evidence is defined as existing evidence not previously submitted to agency decisionmakers, while material evidence is defined as existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a) (2014). New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. Id. 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. See Shade v. Shinseki, 24 Vet. App. 110 (2010). Moreover, in determining whether this low threshold is met, consideration need not be limited to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but also whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the VA's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118. 

For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). 

The Veteran's claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, was previously denied in an October 2008 RO decision because the evidence did not show that the Veteran was exposed to herbicides during active service or that diabetes mellitus had manifested during active service or within one year of service discharge. 

Thereafter, the Veteran did not file a timely appeal or submit any new and material evidence within the one-year appeal period; therefore, the October 2008 RO decision is final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103 (2014). 

Since the prior final October 2008 RO decision, relevant evidence added to the record includes the Veteran's August 2010 submission of information from the Department of Defense regarding herbicide tests and storage outside of Vietnam, specifically, the use of Agent Orange in Thailand between 1964 and 1965. Additionally, the Veteran provided similar testimony at the February 2014 Board hearing. The Board finds that the Veteran's statements, which are presumed to be credible for the purposes of considering whether they constitute new and material evidence, are indeed new and material. Such evidence was not of record at the time of the prior final RO decision and it relates to a material element of the previously denied claim for service connection, specifically whether or not the Veteran was exposed to herbicides during active service, which would entitle him to presumptive service connection. As the information submitted since the last final RO decision constitutes new and material evidence, the Veteran's claim of entitlement to service connection for diabetes mellitus, type II, to include as due to herbicide exposure, must be reopened. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. 


ORDER

New and material evidence has been received sufficient to reopen a claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure, and to that extent only, the claim is granted. 


REMAND

The Veteran has consistently reported, including in his testimony at the February 2014 Board hearing, that he served as a cook at Udorn Air Force Base in Thailand from February 1967 to March 1968. Significantly, he stated that his duties occasionally required him to serve a meal to the security staff on the perimeter of the base. 

VA's Adjudication Procedure Manual (M21-1MR) notes that the Compensation Service has determined that a special consideration of herbicide exposure on a factual basis should be extended to veterans whose duties placed them on or near the perimeters of Thailand military bases during the Vietnam era, to include Udorn Air Base. See M21-1MR, Part IV, Subpart ii, Chap. 2, Sec. C, Para. 10.q. 

The M21-1MR notes that the majority of troops in Thailand during the Vietnam Era were stationed at the Royal Thai Air Force Bases of U-Tapao, Ubon, Nakhon Phanom, Udorn, Takhli, Korat, and Don Muang. If a Veteran served on one of these air bases as a security policeman, security patrol dog handler, member of a security police squadron, or otherwise served near the air base perimeter, as shown by MOS (military occupational specialty), performance evaluations, or other credible evidence, then herbicide exposure should be acknowledged on a facts-found or direct basis. However, this applies only during the Vietnam Era, from February 28, 1961, to May 7, 1975. See id. 

Also of record is a Memorandum for the Record, which is a synopsis of a review by the VA Compensation Service. The Memorandum states that tactical herbicides, e.g., Agent Orange, were used and stored in Vietnam, not Thailand; however, there are records indicating that commercial herbicides were frequently used for vegetation control within the perimeters of air bases during the Vietnam era. The Project CHECO Southeast Asia Report: Base Defense in Thailand, produced during the Vietnam era, did not report use of tactical herbicides in Thailand, but there was sporadic use of non-tactical (commercial) herbicides within fenced perimeters. Thus, if a veteran's military occupational specialty or unit was one that regularly had contact with the base perimeter, there was a greater likelihood of exposure to commercial pesticides and herbicides. According to the Memorandum, no additional evidence beyond this could be provided by the Compensation Service, and unless the claim was inherently incredible, clearly lacked merit, or there was no reasonable possibility of substantiating the claim, ROs should send a request to the Joint Service Records Research Center (JSRRC) for any information that Compensation Service could not provide to corroborate any claimed herbicide exposure. 

As indicated previously, the Veteran has claimed exposure to herbicides in connection with his duties serving as a cook at Udorn Air Base in Thailand from February 1967 to March 1968. Significantly, he has reported that his duties occasionally required him to serve a meal to the security staff on the perimeter of the base. The Board does not find that such a claim is inherently incredible, lacks merit, or that there is no reasonable possibility of substantiating the claim. Moreover, it does not appear that the RO submitted a request to JSRRC to attempt to corroborate the Veteran's credible reports, or that a formal finding was made that sufficient information required to verify herbicide exposure does not exist. 

Therefore, the Board finds that a remand is necessary in order for the AOJ to send a request to JSRRC in an effort to verify the Veteran's claimed exposure to herbicides consistent with his service in Thailand. 

Accordingly, the case is REMANDED for the following action:

1. Send a request to JSRRC in an effort to verify the Veteran's exposure to herbicides consistent with his service as a cook at Udorn Airbase from February 1967 to March 1968. JSRRC should be provided with any necessary documentation, to include any relevant service records as well as any statements submitted by the Veteran detailing any duties that required him to be at or near the base perimeters. In this regard, the Veteran contends that his duties as a cook occasionally required him to travel to the perimeter of the base to serve a meal to the security staff. All requests and responses received should be associated with the claims file. If such verification is not possible, it should be so certified for the record (along with a description of the extent of the verification conducted). 

2. Thereafter, conduct any additional development warranted as a result any evidence added to the claims file, to include the possibility of a VA examination regarding the etiology of the Veteran's diabetes. 

3. Then, readjudicate the Veteran's claim of entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure. If any benefit sought on appeal remains denied, issue the Veteran and his representative a supplemental statement of the case (SSOC) and allow an appropriate time for response before returning the case to the Board, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs