http://www.va.gov/vetapp16/Files3/1621748.txt

Citation Nr: 1621748 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-06 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines

THE ISSUE

Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for the cause of the Veteran's death.

ATTORNEY FOR THE BOARD

C. Wendell, Associate Counsel

INTRODUCTION

The Veteran served in the Philippine Commonwealth Army from November 1941 to August 1942 and in the Philippine Guerilla and Combination Service from June 1945 to July 1946, and was a prisoner of war (POW) from April 1942 to August 1942. He died in July 2002, and the appellant claims as his surviving spouse.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Republic of the Philippines. 

In any case involving a finally denied claim, the Board must address whether new and material evidence has been received to reopen before addressing the merits of the claim, regardless of whether or not the agency of original jurisdiction (AOJ) has already addressed the question. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001); Wakeford v. Brown, 8 Vet. App. 237, 239-40 (1995).

The Board most recently remanded the issues on appeal for additional development in April 2015. The identified records having been requested, the directives have been substantially complied with and the matter again is before the Board. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Stegall v. West, 11 Vet. App. 268, 271 (1998). The prior remands requested that the "Kansas City RO" be contacted for records. However, there is no Kansas City RO. As such, the Wichita RO, which covers Kansas City in part, was contacted. The Board finds that contacting the RO that covers Kansas City, in lieu of there being an actual Kansas City RO, constitutes substantial compliance with the remand directives.

The Board has reviewed the electronic records maintained in both Virtual VA and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

FINDINGS OF FACT

1. A February 2003 rating decision denied service connection for the cause of the Veteran's death. The appellant was notified of her rights but did not appeal or submit new and material evidence during the applicable one year appellate period.

2. The evidence associated with the claims file subsequent to the February 2003 rating decision is cumulative and redundant of evidence previously of record.

CONCLUSIONS OF LAW

1. The February 2003 rating decision is final. 38 U.S.C.A. §§ 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2002).

2. New and material evidence sufficient to reopen the claim of service connection for the cause of the Veteran's death has not been received. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a), (c) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Veterans Claims Assistance Act of 2000 (VCAA)

VA has met all statutory and regulatory notice and duty to assist provisions with respect to the Veteran's claims. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

A. Duty to Notify

With respect to claims to reopen, VA is further to provide notice of the definition of new and material evidence. Kent v. Nicholson, 20 Vet. App. 1 (2006). However, VA is no longer required to provide notice of the element or elements that were found insufficient or the information and evidence necessary to substantiate the insufficient element or elements. See 38 U.S.C.A. § 5103(a)(1); VAOPGCPREC 6-2014 (Nov. 21, 2014); see also Akers v. Shinseki, 673 F.3d 1352, 1358 (Fed. Cir. 2012).

Further, in cause of death claims VA must also provide notice of the conditions, if any, for which a veteran was service-connected at the time of death, an explanation of the evidence and information required to substantiate a dependency and indemnity (DIC) claim based on a previously service-connected condition, and an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service connected. Hupp v. Nicholson, 21 Vet. App. 342 (2007).

VA issued a VCAA letter in September 2013, containing all of the information outlined above. Although this notice was delivered after the initial denial of the claim, the AOJ subsequently readjudicated the issues based on all the evidence in the September 2014 supplemental statement of the case (SSOC). See Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (the issuance of a fully compliant notification letter followed by re-adjudication of the claim, such as an SOC or SSOC, is sufficient to cure a timing defect). Thus, the appellant was not precluded from participating effectively in the processing of her claim and the late notice did not affect the fairness of the decision. As such, VA has met its duty to notify.

B. Duty to Assist

The duty to assist includes assisting the claimant in the procurement of relevant records. The RO associated all of the Veteran's available VA treatment records, to include those from the Manila VA Medical Center and Outpatient Clinics, with the claims file. All submitted private treatment records have also been added to the file.

VA requested the Veteran's service treatment records from the National Personnel Records Center (NPRC) in March 2014. The Veteran's retired or archived claims file, if in existence, was also requested in August 2013 and May 2015 correspondence from the Records Management Center and the Wichita Regional Office, respectively. In May 2014 correspondence the NPRC indicated that no service treatment records could be located, and therefore that further attempts to obtain the records would be futile. Likewise, in August 2013 and May 2015 correspondence the RMC and Wichita RO, respectively, indicated that the Veteran's archived or retired claims file could not be located. 

In June 2014 correspondence, VA informed the appellant of the records they attempted to obtain, the efforts made to obtain them, further actions VA was going to take on the claim, and that the appellant was ultimately responsible for submitting the records. Thus, VA made adequate attempts to obtain the records, and provided sufficient notice of their inability to do so to the appellant. No other relevant records have been identified and are outstanding. As such, the Board finds VA has satisfied its duty to assist with the procurement of relevant records. 

With respect to claims to reopen VA does not have a duty to provide a medical examination or obtain a medical opinion until the claim has been reopened. As the issue of entitlement to service connection for the cause of the Veteran's death has not been reopened, VA's duty to obtain an opinion did not attach. The duty to assist in this case is satisfied.

II. New and Material Evidence

Where a claim has been finally adjudicated, a claimant must present new and material evidence to reopen the previously denied claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). New evidence is evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a). Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence cannot be either cumulative or redundant of the evidence of record at the time of the last prior final denial and must raise a reasonable possibility of substantiating the claim. Id. 

For the purposes of reopening a claim, newly submitted evidence is generally presumed to be credible. Justus v. Principi, 3 Vet. App. 510, 513 (1992). New and material evidence is not required as to each previously unproven element of a claim in order to reopen. Shade v. Shinseki, 24 Vet. App. 110, 120 (2010). There is a low threshold for determining whether evidence is new and material.

Here, the RO last denied service connection for the cause of the Veteran's death in February 2003. The appellant was notified of the decision, but did not submit a notice of disagreement or new and material evidence within the applicable one year appellate period. Therefore, the February 2003 decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

The evidence of record in February 2003 consisted of the Veteran's death certificate, a July 2000 VA POW examination, the Veteran and appellant's marriage certificate, all available service records, the appellant's claim, and the appellant's lay statements. The evidence of record failed to establish that a service-connected disability caused or contributed to the Veteran's death, or that the listed cause of death was incurred in or was related to the Veteran's service.

Evidence received since the rating decision includes a private treatment record noting the conditions for which the Veteran was treated and further lay statements from the appellant. However, none of these documents establish that a service-connected disability caused or materially contributed to the Veteran's death. The Veteran's death certificate states that his cause of death was chronic obstructive pulmonary disorder (COPD), and no contributory diseases or pathologies were listed. At the time of his death the Veteran was service-connected for ischemic heart disease and malnutrition. 

The private treatment record only provides a list of conditions for which the Veteran was treated at that office, specifically atrial fibrillation, congestive heart failure, nerve deafness, osteoarthritis, pulmonary tuberculosis and cataracts. However, this record does not establish either that any of the Veteran's service-connected disabilities caused or contributed to his death, or that the noted COPD was causally related to his active service. As it does not relate to a previously unestablished fact, the private treatment record does not constitute new and material sufficient to reopen the claim.

Turning to the appellant's lay statements, the appellant has primarily stated that it is her belief that the Veteran died of heart complications, which he was service-connected for, and that the physician who signed the Veteran's death certificate was not competent to identify his cause of death, primarily because the signing physician had never treated the Veteran. While the Board recognizes the appellant's sincere belief that the Veteran's service-connected ischemic heart disease either caused or contributed to the Veteran's death, she is not competent to render an opinion concerning whether the Veteran's cause of death was COPD or a heart complication. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (Lance, J., concurring). 

While lay evidence is presumed credible for the purposes of reopening, it must still be competent evidence. Justus v. Principi, 3 Vet. App. 510, 513 (1992). Here, the appellant's statements that the Veteran's service-connected ischemic heart disease or malnutrition caused or contributed to his death are not competent, and therefore cannot constitute new and material evidence. 38 C.F.R. § 3.156(a); see also Kahana, 24 Vet. App. at 438.

Concerning the appellant's statements that the physician who diagnosed the cause of death on the death certificate was not competent to do so, there is no objective evidence that the physician was not competent to assess the Veteran's cause of death, regardless of whether the physician had treated the Veteran previously. As there is no indication that the signing physician was not competent based on his eduction, training, or experience to provide an opinion concerning the Veteran's cause of death, there is no reason to doubt the competency of the notation on the death certificate. 

Further, the assertion that the cause of death determination was not competent still does not relate to a previously unestablished fact. This statement does not help to establish the fact that the Veteran's cause of death was in fact a service connected disability, or that COPD was related to the Veteran's service. For these reasons, these statements are not new and material evidence for the purposes of reopening the claim. 38 C.F.R. § 3.156(a). While a copy of a July 2000 VA examination has been associated with the claims file, that examination is not new or material evidence as it was previously of record at the time of the February 2003 rating decision. 38 C.F.R. § 3.156(a)

As such, the Board finds that new and material evidence sufficient to reopen the appellant's claim for service connection for the cause of the Veteran's death has not been submitted. Until the appellant meets her threshold burden of submitting new and material evidence sufficient to reopen her claim, the benefit of the doubt doctrine does not apply. Annoni v. Brown, 5 Vet. App. 463, 467 (1993); see also Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). Therefore, the application to reopen the claim is denied.

ORDER

The application to reopen the claim for entitlement to service connection for the cause of the Veteran's death is denied.

_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs