NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONNIE L. BENNETT,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2022-2142

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5643, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Judge William S. Greenberg.

---

Decided: March 7, 2023

---

RONNIE LEE BENNETT, Memphis, TN, pro se.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; TYRONE COLLIER, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Ronnie L. Bennett, a veteran of the U.S. Air Force, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the effective date of his disability rating for pseudofolliculitis barbae ("PFB") with disfigurement (a skin condition typically caused by shaving) that began during his period of active service. We lack jurisdiction over some of Mr. Bennett's claims, and affirm the Veterans Court's ruling to the extent that we do have jurisdiction. We therefore *affirm in part and dismiss in part*.

## BACKGROUND

Mr. Bennett served on active duty from January 1976 until November 1977. He first sought compensation for PFB in 2000, and was granted service connection for the condition in 2001 with a 10% disability rating. In 2011, after further proceedings, Mr. Bennett filed a claim to increase his PFB rating and change the effective date of that rating. A month later, he asserted that the Department of Veterans Affairs ("VA") had made clear and unmistakable errors ("CUE") in its PFB-related decisions. The Regional Office largely denied Mr. Bennett's claims, but concluded that his disability should be deemed PFB with disfigurement, with an unchanged disability rating. Mr. Bennett appealed, and in 2017 the Board of Veterans' Appeals ("Board") affirmed in relevant part.

After Mr. Bennett appealed the Board's decision to the Veterans Court, in 2018 he and the VA settled and agreed to terminate the appeal. Under that stipulation, the VA agreed to "award a 30% disability rating under the

provisions of 38 C.F.R. § 4.118, Diagnostic Code (DC) 7800" for Mr. Bennett's "pseudofolliculitis barbae with disfigurement." S.A. 174.[1] The parties did not agree on an effective date for the new rating, and Mr. Bennett preserved his right to appeal any determination of an effective date by the Regional Office.

In 2018, Mr. Bennett's Regional Office updated his disability rating to 30% with an effective date of April 26, 2011, the date the VA received the claim that ultimately led to the 2018 settlement between Mr. Bennett and the agency. *See* 38 U.S.C. § 5110(a)(1) ("Unless specifically provided otherwise . . . the effective date of an award based on an initial claim, or a supplemental claim, of compensation . . . shall not be earlier than the date of receipt of application therefor."); *Arellano v. McDonough*, 143 S. Ct. 543, 546–47 (2023). Mr. Bennett appealed the Regional Office's decision to the Board, which affirmed. The Board found that there was no evidence of "an earlier, unadjudicated claim for an increased rating for [Mr. Bennett's] skin condition" and that Mr. Bennett had, in his settlement, waived his CUE claim as to the agency's 2001 decision. S.A. 210–11. It also concluded that there was no evidence Mr. Bennett's condition had worsened in the year prior to receipt of the April 2011 claim. Mr. Bennett appealed to the Veterans Court. The Veterans Court affirmed the Board in relevant part, finding no error in its fact finding or interpretation of Mr. Bennett's settlement. This appeal followed.

## DISCUSSION

"Our jurisdiction to review decisions of the Veterans Court is limited by statute." *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). Under

---

[1]    "S.A." refers to the Supplemental Appendix filed with the government's brief.

38 U.S.C. § 7292(c), we may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court, and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Bennett first argues that the Board erred by classifying his disability solely under diagnostic code 7800, rather than under an additional diagnostic code. That argument is legally precluded by Mr. Bennett's settlement with the government, which provided that the VA would classify his "pseudofolliculitis barbae with disfigurement"—i.e., the entirety of the disability at issue here—under "Diagnostic Code (DC) 7800." S.A. 174.

Second, Mr. Bennett contends that the Veterans Court erred by affirming the Board's conclusion that April 26, 2011, is the effective date for his increased disability rating. He argues that his effective date should either be August 2000, when the VA allegedly first observed his facial scars, or, because of equitable tolling, March 1976, during his period of active service, when Mr. Bennett says he was first diagnosed with PFB. As to the August 2000 date, our cases establish that a medical record of a disability is not equivalent to a formal or informal claim to the VA entitling a veteran to an earlier effective date. *See Akers v. Shinseki*, 673 F.3d 1352, 1357 (Fed. Cir. 2012) ("[T]to qualify as an informal claim, a communication must: (1) be in writing; (2) indicate an intent to apply for benefits; and (3) identify the benefits sought."); *Sellers v. Wilkie*, 965 F.3d 1328, 1338 (Fed. Cir. 2020).

Mr. Bennett's assertion that his eligibility date should have been equitably tolled—because his disability is allegedly the result of experiments conducted on him by the Air Force when he was on active duty—is foreclosed by the

Supreme Court's recent decision in *Arellano*. The Court held that eligibility date determinations under 38 U.S.C. § 5110 are not subject to equitable tolling. *See Arellano*, 143 S. Ct. at 546.

Finally, Mr. Bennett argues that his treatment during military service violated a host of constitutional and statutory provisions. But he has not shown that the Veterans Court had jurisdiction to consider these claims. They are thus beyond our jurisdiction. *See* 38 U.S.C. § 7292(a).

## AFFIRMED IN PART, DISMISSSED IN PART

### COSTS

No costs.