NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY L. FARMER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7119

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2483, Judge Mary J. Schoelen.

---

Decided: June 17, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J.

TIMINSKI, Deputy Assistant General Counsel, and TRACEY PARKER WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before DYK, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Terry L. Farmer appeals a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("board") that denied his claim for disability compensation for post-traumatic stress disorder ("PTSD") and a seizure disorder. *See Farmer v. Shinseki*, No. 10-2483, 2012 U.S. App. Vet. Claims LEXIS 212 (Feb. 13, 2012). Before the board, Farmer alleged that he incurred both the PTSD and the seizure disorder when he was kicked in the head by his drill instructor during basic training at Camp Pendleton in San Diego, California. The board determined, however, that there was "no credible supporting evidence that the claimed [in-service] trauma, a head injury, occurred."

On appeal, Farmer argues that the Veterans Court erred by not remanding his appeal to the board with instructions to apply 38 C.F.R. § 3.304(f)(3)* to his claim.

_____

    \*    38 C.F.R. § 3.304(f)(3) provides:

If a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent

Farmer asserts that he is entitled to rely on section 3.304(f)(3)'s relaxed evidentiary standard because his alleged PTSD stressor was "related to [his] fear of hostile military or terrorist activity." As we recently held in *Hall v. Shinseki,* however, section 3.304(f)(3) applies "only if a veteran's claimed in-service PTSD stressor relates to an event or circumstance that a veteran experienced, witnessed, or was confronted with and that was perpetrated by a member of an enemy military or by a terrorist." No. 2012-7115, 2013 U.S. App. LEXIS 11497, at \*7 (Fed. Cir. June 7, 2013) (footnote omitted). Because the alleged assault by Farmer's drill instructor was not "perpetrated by a member of an enemy military or by a terrorist," *id.*, the board was not required to apply section 3.304(f)(3) in determining whether or not Farmer's PTSD was incurred in service. Accordingly, we *affirm* the judgment of the United States Court of Appeals for Veterans Claims.

**AFFIRMED**

---

with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. For purposes of this paragraph, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.