# United States Court of Appeals for the Federal Circuit

---

**DANIEL C. BLUBAUGH,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7119

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-483, Judge Alan G. Lance, Sr.

---

Decided: December 9, 2014

---

ZACHARY M. STOLZ, Chisholm Chisholm & Kilpatrick, Ltd., of Providence, Rhode Island, argued for claimant-appellant. Of counsel on the brief was CHRISTOPHER J. CLAY, Disabled American Veterans, of Cold Spring, Kentucky. Of counsel were ROBERT V. CHISHOLM and THOMAS R. BENDER, Chisholm Chisholm & Kilpatrick, of Providence, Rhode Island.

SHELLEY D. WEGER, Trial Attorney, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE,

Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and RACHAEL T. BRANT, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was K. Elizabeth Witwer, Attorney, United States Department of Justice, of Washington, DC.

––––––––––––––

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Daniel C. Blubaugh was awarded a disability rating for post-traumatic stress disorder effective July 25, 2008. He now seeks an earlier effective date for that rating. The effective date for a disability rating is generally determined by the date the disabling condition arose, or the date the claim was submitted, whichever is later. A regulation provides an exception to that rule when a claim is granted based on certain service department records that were associated with the veteran's claims file after the claim was first decided. That regulation does not apply to Mr. Blubaugh's case. Accordingly, we affirm.

I

Mr. Blubaugh served in the United States Army from January 1964 to January 1966 and performed duties as a gunner in Vietnam between August and November 1965. In October 1988, Mr. Blubaugh sought service connection for multiple medical conditions, including post-traumatic stress disorder (PTSD).

At that time, the VA obtained his service records, including the report of Mr. Blubaugh's separation from service and his Department of Defense Form 214, which indicated that Mr. Blubaugh served in Vietnam for several months and received the Vietnam Service Medal. In April 1989, the VA notified Mr. Blubaugh that it was

denying service connection because his VA psychological examination did not support a diagnosis of PTSD. Mr. Blubaugh did not appeal the VA's decision, and it became final.

In August 1992, Mr. Blubaugh submitted a request to reopen his claim. At that time, the VA associated with his file a Department of the Army (DA) Form 20, which lists the specific dates he served in Vietnam. That form had not been associated with his file at the time of the VA's 1989 decision.

The VA reopened Mr. Blubaugh's claim and performed another psychiatric examination. The VA concluded that this examination did not support a diagnosis of PTSD and further noted the "absence of a definitive confirmable stressor." R. App. of Appellant 29. Accordingly, in June 1993, the VA continued its denial of service connection for PTSD. Mr. Blubaugh did not appeal that decision, and it became final.

Fifteen years later, on July 25, 2008, Mr. Blubaugh filed a second request to reopen his PTSD claim. Unlike his previous submissions, this request included a three-page statement describing his experiences in Vietnam and post-service difficulties. The VA also received, for the first time, medical documentation showing a positive diagnosis of PTSD. Based on this newly submitted evidence, the VA granted Mr. Blubaugh service connection for PTSD and assigned a 10 percent disability rating effective July 25, 2008.

Mr. Blubaugh filed a notice of disagreement, alleging that he should be entitled to an effective date of June 9, 1993. The VA issued a statement of the case, explaining that Mr. Blubaugh was not entitled to an effective date earlier than July 25, 2008, because his earlier claims were not supported by a diagnosis of PTSD. The VA further explained that Mr. Blubaugh's 1992 PTSD claim lacked evidence showing a "confirmable stressor." R. App. of

Appellant 73. Thus, the VA concluded that there was no basis for an effective date before July 25, 2008, the date on which Mr. Blubaugh submitted evidence showing a definitive and confirmable stressor and a diagnosis of PTSD.

Mr. Blubaugh appealed to the Board of Veterans' Appeals. He argued that he was entitled to an earlier effective date because he had PTSD in 1988 and 1992 and would have benefited from earlier psychiatric treatment. The Board affirmed the VA's decision, explaining that "the award of compensation based on a reopened claim may be no earlier than the date of receipt of the claim, or the date entitlement arose, whichever is the later." R. App. of Appellant 93 (citing 38 C.F.R. § 3.400(r)). The Board concluded that the date of Mr. Blubaugh's 2008 claim, not the date of his 1992 claim, was the controlling date for purposes of 38 C.F.R. § 3.400(r). Thus, the Board concluded that Mr. Blubaugh was not entitled to an earlier effective date for his PTSD claim.

Mr. Blubaugh appealed the Board's decision to the Court of Appeals for Veterans Claims. He argued that the Board erred by not applying 38 C.F.R. § 3.156(c), which requires the VA to reconsider a claim "at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim." The Veterans Court concluded that § 3.156(c) was not applicable to Mr. Blubaugh's case because the service record at issue, his DA Form 20, had been associated with Mr. Blubaugh's claims file before the VA issued its June 1993 decision. It reasoned that if the VA were under a duty to reconsider Mr. Blubaugh's claim in light of his DA Form 20, that duty would have arisen at the time VA received it, not in 2008. Accordingly, the Veterans Court affirmed the Board's decision.

Mr. Blubaugh appeals.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). In such instances, we review the Veterans Court's legal determinations de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009). We may set aside the Veterans Court's interpretation of a regulation only if it is unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary. 38 U.S.C. § 7292(d)(1).

In this case, we must decide whether 38 C.F.R. § 3.156(c) requires the VA to determine if Mr. Blubaugh is entitled to an earlier effective date for his service-connected PTSD. We conclude that it does not.

The award of benefits in this case was based on new and material evidence submitted after a previous claim had been disallowed. *See* 38 U.S.C. § 5108. Section 3.156(a) provides generally that "[a] claimant may reopen a finally adjudicated claim by submitting new and material evidence." 38 C.F.R. § 3.156(a) (2008). The regulation defines "new" evidence as "existing evidence not previously submitted to agency decisionmakers." *Id.* It defines "material" evidence as "existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim." *Id.*

Effective dates for awards of benefits, including those benefits awarded because of new and material evidence, are generally governed by 38 U.S.C. § 5110. *Akers v. Shinseki*, 673 F.3d 1352, 1357 (Fed. Cir. 2012). The stat-

ute provides that the effective date for an award of veterans benefits based on a reopened claim after final adjudication "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."  38 U.S.C. § 5110(a).  The Secretary promulgated a regulation, 38 C.F.R. § 3.400, which implements § 5110(a), and similarly provides that the effective date for an award of benefits shall "be the date of receipt of the claim or the date entitlement arose, whichever is the later."  In this case, the Board applied § 3.400(r), applicable to reopened claims, and properly concluded that the correct effective date for Mr. Blubaugh's claim was July 25, 2008, the date of the receipt of his claim for reopening.

Mr. Blubaugh relies on § 3.156(c) for an earlier effective date.  Section 3.156(c) is an exception to the general rule in § 3.156(a), which only permits claims to be reopened on the submission of new and material evidence.  Section 3.156(c) also provides for different effective dates in certain conditions.

In contrast to the general rule, § 3.156(c)  requires the VA to reconsider a veteran's claim when relevant service department records are newly associated with the veteran's claims file, whether or not they are "new and material" under § 3.156(a).  38 C.F.R. § 3.156(c)(1) (noting that § 3.156(c) applies "notwithstanding paragraph (a)"); New and Material Evidence, 70 Fed. Reg. 35,388, 35,388 (June 20, 2005).  This ensures that a veteran is not denied benefits due to an administrative error.  *See* New and Material Evidence, 70 Fed. Reg. at 35,389.  In other words, § 3.156(c) serves to place a veteran in the position he would have been had the VA considered the relevant service department record before the disposition of his earlier claim.

Section 3.156(c) includes three parts relevant to this appeal.  First, subsection (c)(1) defines the circumstances under which the VA must reconsider a veteran's claim for

benefits based on newly associated service department records:

> [A]t any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim . . . .

38 C.F.R. § 3.156(c)(1) (2008). Second, subsection (c)(3) establishes the effective date for any benefits that may be granted as a result of reconsideration under subsection (c)(1):

> An award made based all or in part on the records identified by paragraph (c)(1) of this section is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later . . . .

*Id.* § 3.156(c)(3). Finally, subsection (c)(4) permits a retroactive date of entitlement under subsection (c)(3) in certain circumstances:

> Where [new evidence from the service department] clearly support[s] the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly, except as it may be affected by the filing date of the original claim.

*Id.* § 3.156(c)(4).

Mr. Blubaugh contends that § 3.156(c) requires a retrospective disability rating inquiry when (1) the VA rendered a decision denying a claim before receiving certain service department records and (2) benefits are later granted based on those records, in whole or in part. *See* Br. of Appellant 14. We disagree.

Subsection (c)(1) is a separate and distinct provision from subsections (c)(3) and (c)(4). The language and overall structure of § 3.156(c) strongly suggest that § 3.156(c)(1) requires the VA to reconsider only the *merits* of a veteran's claim whenever it associates a relevant service department record with his claims file (provided that the service record was unavailable when the veteran's claim was filed). Only if the VA grants benefits resulting from reconsideration of the merits under § 3.156(c)(1) must it consider an earlier effective date under subsections (c)(3) and (c)(4).

Mr. Blubaugh's reading of § 3.156(c) conflates subsection (c)(1) with subsections (c)(3) and (c)(4). He argues that the VA has a duty to consider whether the veteran is entitled to a retroactive date of entitlement, even if the VA has already examined the newly associated service record and, despite that record, denied the veteran's claim on the merits. But according to the plain language of the regulation, subsection (c)(1) does not apply under such circumstances because the VA has already reconsidered the merits of the veteran's claim in light of the relevant service record. In other words, the VA has exhausted its duty under subsection (c)(1). And because the VA's initial reconsideration under subsection (c)(1) did not result in benefits, subsections (c)(3) and (c)(4) do not apply in that case.

Section 3.156(c) only applies "when VA receives official service department records that were unavailable at the time that VA previously decided a claim for benefits and *those records lead VA to award a benefit that was not granted in the previous decision.*" New and Material Evidence, 70 Fed. Reg. at 35,388 (emphasis added). In this case, the VA originally denied Mr. Blubaugh's claim for service connection for PTSD in 1989 because he was not diagnosed with the disorder. In 1993, when the VA took into account the newly discovered service record— Mr. Blubaugh's DA Form 20—it again denied his claim

because he had not been diagnosed with PTSD, noting that the record also lacked evidence of a definitive confirmable stressor. R. App. of Appellant 29. Mr. Blubaugh's DA Form 20 did not remedy these defects; it did not indicate that he was in combat, and it did not show that he had been diagnosed with PTSD. The only arguably relevant information contained in Mr. Blubaugh's DA Form 20 is the specific time period during which he served in Vietnam. The dates of Mr. Blubaugh's service in Vietnam, however, were never in question and did not lead to the VA's award of benefits in 2008.

What led to the VA's decision to award Mr. Blubaugh benefits in 2008 were the new medical records showing his diagnosis of PTSD and evidence of a definitive confirmable stressor. *See* R. App. of Appellant 73. This constituted new and material evidence under § 3.156(a), not newly associated service department records under § 3.156(c). *See* New and Material Evidence, 70 Fed. Reg. at 35,389 (noting that a doctor's opinion does not fall within the meaning of § 3.156(c)(1)). Any obligation the VA had to reconsider Mr. Blubaugh's claim in light of his DA Form 20 was exhausted in 1993 when it reopened his claim and, despite possessing this newly associated service record, again denied Mr. Blubaugh's claim on the merits.

## III

We have considered Mr. Blubaugh's remaining arguments and find them unpersuasive. Because the VA's 1993 decision exhausted any duty it had to reconsider Mr. Blubaugh's claim under § 3.156(c) in view of his DA Form 20, the judgment of the Veterans Court is affirmed.

**AFFIRMED**

No costs.