NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES TAYLOR,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1677

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4088, Chief Judge Margaret C. Bartley.

---

Decided: April 15, 2025

---

JAMES TAYLOR, Kisimmee, FL, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

James Taylor appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *Taylor v. McDonough*, No. 23-4088, 2023 WL 8270335 (Vet. App. Nov. 30, 2023) ("*Order*"). For the reasons set forth below, we affirm in part and dismiss in part.

## BACKGROUND

Mr. Taylor served on active duty in the U.S. Army from January 1979 to March 1997. S.A. 11.[1] On July 10, 2023, he filed a petition for writ of mandamus with the Veterans Court. *Order*, 2023 WL 8270335, at *1. Among other arguments, Mr. Taylor asserted that the Department of Veterans Affairs ("VA") (1) refused to address numerous issues in a March 2021 Board of Veterans' Appeals ("Board") decision or provide a complete record before the agency; (2) failed to include certain medical reports in his claims file; (3) failed to follow procedure or notice requirements; and (4) improperly included a fictitious dependent to his account. *Id.* Mr. Taylor also moved for panel review under Rule 35 of the Veterans Court's Rules of Practice and Procedure. *Id.*

On November 30, 2023, the Veterans Court denied Mr. Taylor's petition, concluding that he failed to demonstrate entitlement to a writ of mandamus. *Id.* at *2. The Veterans Court (1) found that Mr. Taylor's arguments regarding the Board's March 2021 decision challenged issues already addressed by the Veterans Court in a January

—————————

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

2023 decision and a writ in those circumstances cannot circumvent an already completed appeals process, *id.*; (2) dismissed as moot Mr. Taylor's argument about missing medical reports because the VA included the reports in its response to Mr. Taylor's petition, *id.* at \*4; (3) found that Mr. Taylor failed to adequately explain why the VA should have provided him with notice to appeal to the Veterans Court from rating decisions appealable to the Board and not the Veterans Court, *id.* at \*3; and (4) found that it could not discern the specific allegation with respect to any recorded dependents because Mr. Taylor failed to adequately explain the alleged error, *id.* The Veterans Court also denied Mr. Taylor's motion for panel review as premature. *Id.* at \*4.

Mr. Taylor timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court's decision is limited. We may review a Veterans Court's decision on a rule of law or the validity or interpretation of any statue or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). We may also review a Veterans Court's decision on writ of mandamus petitions that "raise legal issues otherwise within our jurisdiction." *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013). Although we may determine whether a veteran "has satisfied the legal standard for issuing the writ," we may not "review the factual merits of the veteran's claim." *Id.* at 1158. Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Taylor appears to raise three main arguments: that the Veterans Court (1) failed to consider multiple administrative errors under 38 U.S.C. § 503, resulting in his loss of compensation from the Army, Appellant's Informal Br. 1; (2) violated his due process rights by not addressing his motion for reconsideration under 38 U.S.C. § 7103(a) to correct administrative errors, *id.* at 2–3; and (3) failed to correct an improper payment involving a new dependent where he did not have a new dependent, *id.*

Mr. Taylor does not contest the legal standard applicable to his writ of mandamus petition. While he argues that the Veterans Court failed to consider multiple administrative errors under 38 U.S.C. § 503, he does not identify the alleged errors. *See id.* at 1. To the extent Mr. Taylor's statements are an attempt to argue that the Veterans Court erred in concluding that he failed to satisfy the legal standard for issuing the writ, we disagree. To obtain a writ of mandamus, a "petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Beasley*, 709 F.3d at 1157. Here, Mr. Taylor failed to establish the requirements for a writ of mandamus. First, Mr. Taylor's petition requested that the Veterans Court vacate part of the Board's March 2021 decision, but the Veterans Court found that it already addressed his arguments in its January 2023 decision. *See Order*, 2023 WL 8270335, at *2. Second, Mr. Taylor failed to adequately explain his assertions about a fictitious dependent and notice requirements to show a clear legal right to relief. The Veterans Court found that he did not explain the alleged error involving a fictitious dependent and that he failed to explain why he should have been given notice to appeal to the Veterans Court decisions that are not appealable to the Veterans Court. *See id.* at *3. Third, the Veterans Court found that the VA

included his allegedly missing medical reports in its response to the petition. *See id.* at \*4. Accordingly, we affirm the Veterans Court's holding that Mr. Taylor failed to establish entitlement to a writ of mandamus.

Mr. Taylor next appears to raise a due process issue. He asserts that the Veterans Court failed to address his motion for reconsideration under 38 U.S.C. § 7103(a). The Veterans Court's decision, however, did not involve § 7103(a). Characterization of an issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). To the extent Mr. Taylor's statements are an attempt to argue that the Veterans Court denied his motion for panel review under Rule 35 of the Veterans Court's Rules of Practice and Procedure, we disagree. Rule 35 states that "[a] party in a case decided by a single Judge may move for a decision by a panel of the Court." U.S. Vet. App. R. 35(b). The Veterans Court correctly denied the motion as premature because Rule 35 is a post-decision review, and the Veterans Court had not yet issued a decision on the petition.

Mr. Taylor's other arguments about a missing file and new dependent challenge the Veterans Court's underlying factual findings, which are beyond our jurisdiction. Mr. Taylor contends that the VA voided a 2013 medical report due to his missing file. The Veterans Court, however, found that the VA included the medical report in its petition response. *See Order*, 2023 WL 8270335, at \*4. He further asserts that the VA erroneously issued a payment involving a new dependent in 2019 where he did not have a new dependent. The Veterans Court, however, found that it was unable to discern, based on Mr. Taylor's petition, the specific error with respect to any recorded dependents. *Id.* at \*3. The Veterans Court noted that according to the VA there is no evidence that the VA added a fictitious dependent, rather, the VA removed his former spouse in 2021 and added his current spouse in 2022. *Id.* at \*2. His

arguments, thus, raise issues about factual findings. We do not have jurisdiction to review the Veterans Court's underlying factual findings and dismiss his appeal of those findings.

## CONCLUSION

We have considered Mr. Taylor's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm in part and dismiss in part.

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

### COSTS

No costs.