# United States Court of Appeals
# for the Federal Circuit

---

**EDWARD AMEZQUITA,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1975

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7904, Judge Scott Laurer.

---

Decided: May 5, 2025

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENT A. EILER, The Law Office of Kent Eiler, Dubuque, IA.

EMMA E. BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————

Before PROST, LINN, and STOLL, *Circuit Judges*.

PROST, *Circuit Judge*.

Edward Amezquita appeals a final decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying service connection for his left shoulder disability. *Amezquita v. McDonough*, No. 21-7904, 2023 WL 2398057 (Vet. App. March 8, 2023) ("*Decision*"). For the reasons set forth below, we affirm in part and dismiss in part.

BACKGROUND

I

Congress instructs the Department of Veterans Affairs ("VA") to compensate U.S. veterans for injury or disease incurred in or aggravated by active service. *See* 38 U.S.C. § 1110. In evaluating service-connection-disability claims, the VA presumes veterans "to have been in sound condition when examined, accepted, and enrolled for service." *Id.* § 1111; 38 C.F.R. § 3.304(b). The VA may rebut this presumption of soundness with "clear and unmistakable evidence" that a veteran's "injury or disease existed before acceptance and enrollment and was not aggravated by such service." 38 U.S.C. § 1111; *see also Wagner v. Principi*, 370 F.3d 1089, 1097 (Fed. Cir. 2004). The presumption of soundness, however, does not attach to claims for "defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment." 38 U.S.C. § 1111. The VA evaluates claims for preexisting conditions noted upon service entry under the aggravation standard, where the veteran bears the burden of establishing in-service aggravation. *See* 38 U.S.C. § 1153; *Wagner*, 370 F.3d. at 1096.

II

Mr. Amezquita is a U.S. Navy veteran. *Decision*, 2023 WL 2398057, at *1. In October 2002, prior to his

service-entrance examination, he received a Bankart repair surgery on his left shoulder to repair a labral tear caused by a motor vehicle accident. J.A. 14. Eight months later, in June 2003, Mr. Amezquita underwent his service-entrance examination. J.A. 14. Under the "summary of defects and diagnoses" section of the entrance examination report, Mr. Amezquita's medical examiner listed the Bankart repair surgery and that Mr. Amezquita was "completely asymptomatic" with "no physical limitations." J.A. 25. The medical examiner cleared Mr. Amezquita for service entry, and he served on active duty from July 2003 to March 2005. J.A. 11, 25.

Two days before Mr. Amezquita's separation from the U.S. Navy, the VA evaluated him for an injury to his left shoulder because he reported feeling his shoulder pop while lifting a heavy bag. J.A. 16. The VA found no fractures based on X-rays and diagnosed him with left shoulder sprain. J.A. 16. In June 2005, three months after he left service, Mr. Amezquita filed a service-connection claim for several disabilities including a left shoulder disability. J.A. 55–57. In September 2005, the VA denied his left shoulder disability claim, stating that he had surgery on his left shoulder prior to service and finding no evidence that the left shoulder condition worsened due to service. J.A. 55, 57, 59. Mr. Amezquita went through several rounds of appeals and remands with the Board of Veterans' Appeals ("Board") culminating in the Board's August 2021 decision. J.A. 15–17.

In August 2021, the Board denied Mr. Amezquita's claim of entitlement to service connection for his left shoulder disability. J.A. 11. The Board found that the presumption of soundness under 38 U.S.C. § 1111 does not attach to Mr. Amezquita's claim because he had a preexisting left shoulder condition noted upon service entry. J.A. 12–14. The Board explained that although Mr. Amezquita's left shoulder was completely asymptomatic, the medical examiner's notation of Mr. Amezquita's preexisting left shoulder

Bankart repair in the defects section of the examination report served as a defect noted upon service entry. J.A. 14. Consequently, the Board analyzed Mr. Amezquita's claim under 38 U.S.C. § 1153 for in-service aggravation of a preexisting condition and found that his left shoulder condition was not aggravated by service. J.A. 17. The Board therefore concluded that Mr. Amezquita failed to meet the criteria for service connection for his left shoulder disability. J.A. 18. Mr. Amezquita appealed the Board's decision to the Veterans Court.

Mr. Amezquita requested the Veterans Court reverse the Board's decision and reinstate his presumption of soundness. *Decision*, 2023 WL 2398057, at *1. He argued that a presumption-defeating defect, infirmity, or disorder noted upon service entry must have been a current condition and cannot have been asymptomatic. *Id.* at *2. He argued that he should retain the presumption of soundness because his left shoulder condition was asymptomatic. *Id.* On March 8, 2023, the Veterans Court affirmed the Board's decision. *Id.* at *4. The Veterans Court noted that Mr. Amezquita is not "breaking new ground by asserting that defects have to be currently existing to be noted under section 1111." *Id.* at *3. In addressing the legal issue presented by Mr. Amezquita, the Veterans Court relied on its precedent in *Verdon v. Brown*, 8 Vet. App. 529, 535 (1996). The Veterans Court determined that "*Verdon* answers the question that [Mr. Amezquita] wanted the [c]ourt to address: an asymptomatic condition can be noted as a preexisting defect under section 1111." *Id.* As a result, the Veterans Court concluded that the Board had a plausible basis for finding Mr. Amezquita "unsound upon service entry." *Id.*

Mr. Amezquita timely appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court's decision is limited. We may review a Veterans Court's decision on a rule of law or the validity or interpretation of any statue or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). We "hold unlawful and set aside any regulation or any interpretation thereof" that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Amezquita argues that the Veterans Court erred in its interpretation of § 1111. Appellant's Br. 12. He contends that the Veterans Court incorrectly interpreted § 1111's "defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment" to include conditions that are resolved upon service entry. *Id.* Mr. Amezquita further argues that his left shoulder condition was resolved upon service entry. *Id.* at 21.

I

We first review the legal issue addressed by the Veterans Court. As an initial matter, we disagree with Mr. Amezquita that the Veterans Court interpreted § 1111's "defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment" to include resolved conditions. The Veterans Court's interpretation

did not involve resolved conditions. *See Decision*, 2023 WL 2398057, at *3.

We see no error in the Veterans Court's interpretation that an asymptomatic condition can be noted as a preexisting defect under § 1111. Two provisions, §§ 1110 and 1111, frame the issue here. Section 1110 provides as follows:

> *For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty*, in the active military, naval, air, or space service, during a period of war, the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease was incurred, or preexisting injury or disease was aggravated, compensation as provided in this subchapter, but no compensation shall be paid if the disability is a result of the veteran's own willful misconduct or abuse of alcohol or drugs.

38 U.S.C. § 1110 (emphasis added). Section 1111 provides as follows:

> For the purposes of section 1110 of this title, *every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment*, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

38 U.S.C. § 1111 (emphasis added). Per § 1111, the presumption of soundness does not apply to claims for "defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment." In *Terry v. Principi*, we

determined that "when sections 1110 and 1111 are read to-gether, 'the term "defect" in section 1111 necessarily means a defect that amounts to or arises from disease or injury.'" 340 F.3d 1378, 1386 (Fed. Cir. 2003) (quoting *Winn v. Brown*, 8 Vet. App. 510, 516 (1996)).  Nothing in these pro-visions, however, limits "defects . . . noted at the time of the examination, acceptance, and enrollment" to only condi-tions symptomatic at that time.

The Veterans Court logically relied on *Verdon* to sup-port its interpretation of § 1111.  The *Verdon* court faced the issue of whether § 1111's presumption of soundness ap-plies when an asymptomatic preexisting condition was noted upon service entry.  *See Verdon*, 8 Vet. App. at 535.  In *Verdon*, the veteran had a foot-related condition noted in his induction medical examination report, but the ac-companying orthopedic examination report stated "[n]o problem with feet."  *Id.* at 535 (cleaned up).  The *Verdon* court determined that even though the veteran's condition "may have been asymptomatic at the time of his induction," the condition was noted in the examination reports.  *Id.*  As a result, the *Verdon* court determined that the presump-tion of soundness did not apply when analyzing the vet-eran's later claim for service connection concerning his foot-related condition.  *Id.*

We agree with the *Verdon* court.  Section 1111 does not limit "defects . . . noted at the time of the examination, ac-ceptance, and enrollment" to only conditions symptomatic at that time.  Indeed, Mr. Amezquita states in his reply brief that the parties agree "the presumption of soundness does *not* apply if a condition . . . is current but asympto-matic" upon service entry.  Reply Br. 2 (emphasis in origi-nal).  Accordingly, we affirm the Veterans Court's interpretation that asymptomatic conditions can be noted as preexisting defects under § 1111.

## II

Mr. Amezquita's arguments that he had a resolved left shoulder condition upon service entry challenge underlying factual findings beyond our jurisdiction. Specifically, he argues that the Bankart repair surgery corrected his left shoulder condition. Appellant's Br. 20–21. He contends that the service entrance medical examiner's notation of "completely asymptomatic" with "no physical limitations" identified his left shoulder condition as resolved. *Id.* The Veterans Court, however, determined otherwise. According to the Veterans Court, the Board found that the service entrance medical examiner listed a preexisting left shoulder condition in the defects section of the examination report. *Decision*, 2023 WL 2398057, at *3. The Board found that Mr. Amezquita "was not sound at service entrance," J.A. 14, and that his left shoulder condition underwent "normal progression" without in-service aggravation, J.A. 17. The Veterans Court noted that it was "hard-pressed to envision how [Mr. Amezquita] would have preferred the examiner to communicate a preexisting shoulder problem." *Decision*, 2023 WL 2398057, at *3. We cannot address Mr. Amezquita's arguments without reviewing the Veterans Court's factual determinations which we lack jurisdiction to review. We therefore dismiss Mr. Amezquita's appeal as to those determinations.

### CONCLUSION

We have considered Mr. Amezquita's remaining arguments and find them unpersuasive. For the foregoing reasons we affirm in part and dismiss in part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

### COSTS

No costs.