NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WENDY HARRIS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1279

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1654, Judge Margaret C. Bartley.

---

Decided: June 17, 2025

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Wendy Harris, the surviving spouse of veteran Willie B. Harris, appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Harris v. McDonough*, No. 22-1654, 2023 WL 7145469 (Vet. App. Oct. 31, 2023); J.A. 1–7.[1] Ms. Harris seeks an earlier effective date for Mr. Harris's grant of service connection for degenerative joint disease of his left hip. We have jurisdiction pursuant to 38 U.S.C. § 7292. For the reasons set forth below, we *affirm* the decision of the Veterans Court.

## DISCUSSION

### I

Mr. Harris served in the United States Navy from May 1, 1987 to April 3, 1989. Shortly after he was discharged, Mr. Harris filed a claim for service connection for a hip disability resulting from a fall he suffered during service. The United States Department of Veterans Affairs ("VA") Regional Office ("RO") denied Mr. Harris's claim because an examination had not revealed him to be suffering from a hip injury. J.A. 2; J.A. 102. Mr. Harris filed a notice of disagreement with the RO's decision. Subsequently, in a Statement of the Case issued by the RO in January of 1990, the VA explained that Mr. Harris was not eligible for service connection for a hip disability because his "[s]ervice

———————————

[1] "J.A." refers to the Corrected Joint Appendix, ECF No. 19.

records d[id] not show a fracture or chronic injury of the hip," and because, "[o]n VA examination[, his] x-rays [we]re negative for a left hip problem or any clinical evidence of a left hip disability." J.A. 99. In April of 1991, the Board of Veterans Appeals ("Board") affirmed the denial of service connection for a hip disorder. J.A. 90–91. Mr. Harris did not appeal the Board's April 1991 decision and it became final. J.A. 2.

On July 17, 2001, Mr. Harris filed a claim to reopen his previously denied left hip disability claim. J.A. 2; J.A. 84. As part of the development of the claim the VA conducted a series of examinations of Mr. Harris. In December of 2013, a VA examiner diagnosed arthritis of the hip and a groin strain. J.A. 2. The RO sought clarification of this diagnosis, asking the examiner to provide a medical opinion as to whether Mr. Harris's hip disabilities were related to service. In January of 2014, the examiner responded that "[i]t is at least as lik[el]y as not that any or all of the veteran's hip disabilities are related to the fall that he sustained while on active duty." J.A. 128; *see* J.A. 2. The examiner further explained that Mr. Harris "has complained consistently of pain in the left groin area and he has almost point tenderness in the area of the old healed fracture." J.A. 128. In a March 2016 rating decision, the RO granted service connection for Mr. Harris's degenerative joint disease of his left hip, with an effective date of September 8, 2003. J.A. 2; J.A. 78. The RO later granted Mr. Harris an effective date of July 17, 2001, the date he filed his claim to reopen. J.A. 3; J.A. 55.

In May of 2016, Mr. Harris filed a notice of disagreement, arguing that the effective date for his hip condition should be earlier "because a claim for the hip condition was made earlier and the examiner relied on service records of an old fracture to support his claim." J.A. 70 (capitalization removed). Mr. Harris argued that the 2013 VA examiner had relied on service medical records that had not been considered in conjunction with his original 1989 claim,

specifically, an October 1988 service medical record, and thus he was entitled to reconsideration of his original claim under 38 C.F.R. § 3.156(c). J.A. 3. In subsequent statements to the RO and the Board, Mr. Harris's representative argued that the effective date for Mr. Harris's hip disability should be April 3, 1989, his discharge date, since Mr. Harris had filed a claim for a left hip disability within a year of his discharge. J.A. 54–55. In these statements, made in July of 2017 and again in March of 2018, Mr. Harris's representative stated:

> [T]he original decision denying service connection stated that there was no evidence of left groin pain, while in service. However, when the matter was reopened by the Board and ultimately granted, the medical examiner relied on an October 1988 service medical record which stated that the Veteran had suffered left groin pain.

*Id.* Mr. Harris was thus arguing that he should be awarded an earlier effective date for the grant of service connection for his hip disability pursuant to the provisions of 38 C.F.R. § 3.156(c), which are directed to newly discovered service department records.[2]

The Board rejected this argument, pointing out that (a) there was no evidence that the October 1988 service medical record to which Mr. Harris pointed was not associated with the record at the time of the Board's 1991 decision; and that (b) the new and material evidence that was used to reopen Mr. Harris's claim were the December 2013

---

[2] In relevant part, § 3.156(c)(1) provides that the VA will reconsider a claim if, at any time after VA issues a decision on a claim, it "receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim."

medical evaluation and the January 2014 medical opinion, which are not service department records under 38 C.F.R. § 3.156(c).  J.A. 56–57.  The Board thus concluded that the assignment of an effective date prior to July 17, 2001, the date Mr. Harris filed his claim to reopen his previously denied claim, was not warranted.  J.A. 57–58.

On appeal to the Veterans Court, Mr. Harris asserted that he was entitled to an earlier effective date under § 3.156(c) because the October 1988 service medical record had been newly associated with his claims file.  J.A. 47.  In making this argument, he contended that "associated" for purposes of § 3.156(c) meant "acknowledged" by the VA and "considered as part of [its] decision."  *Id.*  The court remanded for development of the record on the relevance of the October 1988 service medical record.  J.A. 48.  On remand, the Board concluded that the October 1988 record was not relevant to Mr. Harris's degenerative joint disease of the left hip because the October 1988 record "does not mention the Veteran's left hip, arthritis, or degenerative joint disease."  J.A. 29.  The Board also concluded that, even if relevant, the evidence of record indicated that the October 1988 service medical record was associated with Mr. Harris's file at the time of the April 1991 Board decision.  J.A. 29–30.  Following Mr. Harris's appeal to the Veterans Court, the parties jointly moved for remand for the Board to further address the relevance of the October 1988 record.  J.A. 20.  Following remand, in a February 2022 decision, the Board again found the record was not relevant, J.A. 13, and Mr. Harris again sought review by the Veterans Court.

The Veterans Court affirmed the Board's holding that the October 1988 service medical record was not relevant.

The court acknowledged Ms. Harris's[3] argument that the ultimate grant of service connection for her deceased husband's left hip orthopedic disabilities arose from his requests for service connection for groin pain and that the October 1988 record was evidence considered by the RO in its March 2016 service-connection grant. J.A. 6. The court explained, however, that, under this court's *Kisor v. McDonald* decision, in order to be "relevant" for purposes of reconsideration under § 3.156(c), additional records must "speak to the basis for the VA's prior decision." *Id.* (quoting *Kisor*, 995 F.3d 1316, 1323 (Fed. Cir. 2021)). The court noted that the Board's basis for its denial of service connection in 1991 was the Board's factual finding that Mr. Harris did not have a chronic left hip disability. *Id.* Because Ms. Harris did not establish that the October 1988 record related to the basis for the 1991 denial, the court concluded that the Board had not clearly erred in finding that the October 1988 record was not relevant for reconsideration purposes. *Id.* Having determined the October 1988 record could not be a relevant record under *Kisor*, the Veterans Court did not reach Ms. Harris's additional argument that "associate[] with the claims file" "means [that] not only is the record physically with [VA] but the record was acknowledged by [VA] and considered as part of the most recent decision." J.A. 5–6 (second and third alteration in original). The court thus affirmed the Board's determination of a July 17, 2001 effective date. J.A. 7.

Ms. Harris timely appealed the Veterans' Court decision.

---

[3]    The Veterans Court granted Ms. Harris's motion to substitute after Mr. Harris passed away in September of 2022.

HARRIS v. COLLINS                                            7

## II

On appeal, Ms. Harris acknowledges that "it appears that the October 1988 service record[ was] physically in" Mr. Harris's file when the original 1991 decision denying service connection for his hip disorder was issued. Appellant's Br. 14. She argues, however, that the October 1988 record "w[as] missed and not recognized by the medical examiner, the regional office and the [Board]," and that therefore she should be given the effective date of Mr. Harris's original claim, in accordance with § 3.156(c). *Id.* Ms. Harris states that the Veterans Court clearly erred in finding that the October 1988 record is not "relevant" under the regulation because she asserts that the March 2016 rating decision granting Mr. Harris service connection for his hip relied on the October 1988 record. Appellant's Br. 9–13.[4] Ms. Harris also requests that our court construe the phrase "associated with the claims file" that appears in 38 C.F.R. § 3.156(c) to require more than physical existence in the file. *Id.* at 13–16.

## III

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to the court's decision regarding a rule of law,

---

[4]    We do not see where either the examiner, in 2014, or the RO, in 2016, discussed the October 1988 service medical record itself. *See* J.A. 79–80; J.A. 128–42. However, the March 2016 rating decision notes that Mr. Harris "ha[d] complained consistently of pain in the left groin area and . . . ha[d] almost point tenderness in the area of the old healed fracture of the left superior pubic ramus." J.A. 80. In addition, the notes from his January 2014 examination indicate that Mr. Harris was diagnosed with a left "hip/groin strain" in 1988. J.A. 130, 137; *see also* J.A. 128.

including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

We have jurisdiction over Ms. Harris's appeal because, as seen below, it involves an interpretation of provisions of 38 C.F.R. § 3.156. At the same time, though, we do not have jurisdiction to review the Board's finding of fact—which is determinative of the appeal—that Mr. Harris's March 2016 claim was not granted based upon consideration of the October 1988 record. Specifically, the Board found:

> The new and material evidence that was used to reopen the Veteran's claim was the December 2013 medical evaluation indicating that the Veteran has a groin strain that occurred during his in-service fall in 1988, and the January 2014 medical opinion that the Veteran's degenerative arthritis of the left hip (and all of his hip disabilities) are at least as likely as not related to the fall that he sustained while on active duty. There is no indication that these medical opinions either were service department records that had not been associated with the claims file or were based on (even in part) service department records that had not been associated with the claims file. While these medical opinions may have considered evidence that was previously of record that may have not previously been considered, this would not prompt reconsideration under 38 C.F.R. § 3.156(c).

J.A. 14.

We conclude that because Mr. Harris's 2001 claim for service-connected disability was granted in March of 2016 based upon his post-2001 examinations, his claim fell

under the provisions of 38 C.F.R. § 3.156(a) for "new and material" evidence, not the provisions of § 3.156(c) for "service department records." As we have explained, "[s]ection 3.156(c) only applies when VA receives official service department records that *were unavailable at the time that VA previously decided a claim for benefits* and those records lead VA to award a benefit that was not granted in the previous decision." *Blubaugh v. McDonald*, 773 F.3d 1310, 1314 (Fed. Cir. 2014) (quoting New and Material Evidence, 70 Fed. Reg. at 35,388 (June 20, 2005)) (original emphasis removed and emphasis added). That did not happen here. The October 1988 record was available and in the claims file in 1991. We thus reject the interpretation of § 3.156(c) that Ms. Harris urges: that the regulation applies when a record is in the claims file, but is overlooked, or "missed," by the RO. Accordingly, § 3.156(c) does not apply to Ms. Harris's claim and cannot form the basis for entitlement to an effective date earlier than July 17, 2001, for her claim.

We have considered Ms. Harris's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Veterans Court.

## AFFIRMED

### COSTS

No costs.