NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH J. DELANO, JR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1170

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5431, Chief Judge Michael P. Allen, Judge Amanda L. Meredith, Judge Scott Laurer.

---

Decided: August 20, 2025

---

KENNETH J. DELANO, Madison, AL, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CLAUDIA BURKE, MICHAEL GRANSTON, PATRICIA M. MCCARTHY; MATTHEW ALBANESE, BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Kenneth J. Delano, Jr. appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming-in-part and denying-in-part his application for expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Delano v. McDonough*, 38 Vet. App. 25, 30 (2024) ("*Decision*"). To the extent Mr. Delano sought costs under 28 U.S.C. § 2412(a), the Veterans Court also dismissed the EAJA application. *Id.* We *affirm-in-part* and *dismiss-in-part*.

## I. BACKGROUND

Mr. Delano is a veteran who applied for disability compensation for disabilities involving his eyes and back. *Decision* at 30; S. App'x 9.[1] On July 28, 2020, Mr. Delano appealed a November 15, 2019, Board of Veterans' Appeals ("Board") decision, which denied entitlement to a disability rating greater than 30 percent for his eye condition. *Decision* at 30; S. App'x 9. The Veterans Court vacated the Board's decision and remanded for the Board to provide an adequate statement of reasons or bases with respect to the rating decision for Mr. Delano's eye condition. *Decision* at 30; S. App'x 9. The Veterans Court also determined that Mr. Delano did not demonstrate that the Board erred in failing to address the appropriate rating for his back disability. *Decision* at 30; S. App'x 9. Mr. Delano appealed the Veterans Court's decision relating to the back disability to this court, and we dismissed his appeal. *Decision* at 30; *see*

———————————

[1] We refer to the supplemental appendix filed with the government's response brief, ECF No. 19, as "S. App'x" throughout this opinion.

*Delano v. McDonough*, No. 2022-1694, 2022 WL 5239085, at \*2 (Fed. Cir. Oct. 6, 2022).

On March 13, 2023, Mr. Delano filed an EAJA application for an award in the amount of $12,085.51. *Decision* at 29; S. App'x 75. Mr. Delano's EAJA application was based on the following costs, fees, and expenses: $8,338.72 for the time he spent researching and drafting his appeal (multiplying the $160.36 hourly market rate for paralegals by 52 hours); $2,299.35 for internet expenses (multiplying his monthly $153.29 bill by 15 months); $1,286.25 for seven trips to the University of Alabama Bounds Law Library (multiplying the Internal Revenue Service's ("IRS") $0.625/mile rate (the "IRS business rate") by 2,058 miles); $50.00 for the court filing fee; $45.00 for printer supplies and paper; $41.25 for copying; and $24.94 for postage. *Decision* at 35; S. App'x 75.

On August 17, 2023, a judge granted Mr. Delano's application in part and denied it in part, awarding $423.95, including $307.76 for the estimated cost of gasoline to travel to the University of Alabama Bounds Law Library seven times by a personal vehicle. *Decision* at 29; S. App'x 4. Mr. Delano moved for reconsideration, and alternatively, a panel decision or full court review. *Decision* at 29; App'x 20.[2]

On December 11, 2023, the Veterans Court granted Mr. Delano's motion for reconsideration, "withdrew the August 2023 order, and sua sponte submitted the case to a panel to consider whether, in exercising its discretion to determine the amount to reimburse a pro se litigant for travel expenses, the [Veterans] Court may rely on the actual expenses, such as for gasoline, or instead must use the [IRS]

---

[2] We refer to the corrected appendix filed by Mr. Delano, ECF No. 10, as "App'x" throughout this opinion. We cite to the ECF page numbers.

standard mileage rate for business use of a private vehicle (business rate)." *Decision* at 29; S. App'x 5. Among other things, the Veterans Court also ordered Mr. Delano to file an amended itemization of the expenses and costs for which he sought reimbursement. *Decision* at 29; S. App'x 37–40.[3]

On reconsideration, on August 9, 2024, the Veterans Court granted in part and denied in part Mr. Delano's EAJA application and dismissed Mr. Delano's EAJA application to the extent that he sought costs pursuant to 28 U.S.C. § 2412(a). *Decision* at 30. The Veterans Court reasoned that "even assuming that the [c]ourt would be required to use the prevailing market rate to calculate travel expenses, the appellant has not demonstrated that the IRS business rate is the prevailing market rate or that the [c]ourt is otherwise bound to apply it in the EAJA context," including because the IRS business rate incorporates other expenses such as license plate fees, registration fees, and insurance payments that are not incurred solely or exclusively in connection with litigation and thus cannot be reimbursed under EAJA. *Decision* at 42–43.

Mr. Delano appealed to this court.

## II. DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review any challenge to the validity of a statute or regulation or any interpretation of a statute or regulation. 38 U.S.C. § 7292(c). Except with respect to constitutional

---

[3]   In his response to the order, Mr. Delano changed his paralegal hourly rate from $160.36 to $155.45 and reduced his claimed internet expenses to 25% of his internet use used for litigation. *See* S. App'x 39 n.1; *compare* S. App'x 39–40, *with* S. App'x 75.

issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014).

Mr. Delano frames his appeal as a challenge to the Veterans Court's interpretation of 5 U.S.C. § 504 and *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 577–80 (2008). Appellant's Br. 5–19.[4] The government responds that we lack jurisdiction to entertain Mr. Delano's appeal because the "Veterans Court did not interpret any law when considering Mr. Delano's EAJA application." Appellee's Br. 11–12. According to the government, the "Veterans Court's decision demonstrates that it made its decision based on factual findings and the straightforward application of law to fact, rather than any legal interpretation." *Id.* at 12. Mr. Delano replies that the government "fails to prove the [Veterans Court] merely applied the law to the facts." Appellant's Reply Br. 3.

As to Mr. Delano's travel expenses, we agree with Mr. Delano, Appellant's Br. 5, that the Veterans Court's decision turns on statutory interpretation[5]—namely, the directive that "a prevailing party that satisfies EAJA's other requirements may recover its . . . fees from the Government at *prevailing market rates*." *Richlin*, 553 U.S. at 590 (relying on 5 U.S.C. § 504) (emphasis added). We accordingly have jurisdiction to review the Veterans

---

[4] We cite to the ECF page numbers of Mr. Delano's informal opening brief. ECF No. 6.

[5] *See also Decision* at 40 n.13 ("Although the Supreme Court was addressing 5 U.S.C. § 504, it noted that its 'reasoning . . . would extend equally to . . . [28 U.S.C. §] 2412.'" (quoting *Richlin*, 553 U.S. at 577 n.3.)).

Court's decision to the extent that it relied upon a legal interpretation of a statute. *See* 38 U.S.C. § 7292(c).

We disagree with Mr. Delano's contention that the Veterans Court misinterpreted the law. The Veterans Court properly interpreted the applicable statutes in conjunction with *Richlin* to require reimbursement using the prevailing market rate when such a rate can be determined. *Decision* at 41–42 (citing *Richlin,* 553 U.S. at 580). The Veterans Court concluded that Mr. Delano had "not demonstrated that the IRS business rate is the prevailing market rate or that the [Veterans] Court is otherwise bound to apply it in the EAJA context." *Decision* at 42. As to Mr. Delano's other transport-related expenses, the Veterans Court exercised its discretion in determining that they were not the type of expenses reimbursable under EAJA because they were not incurred solely or exclusively in connection with the litigation. *Decision* at 43–44. Accordingly, we affirm the Veterans Court's decision as to Mr. Delano's travel expenses.

Mr. Delano also argues that he was entitled to additional expenses for research and writing, including for his use of the internet and printing. *See* Appellant's Br. 11–12. The government responds that these claims by Mr. Delano are based on factual determinations and that we thus lack jurisdiction. *See* Appellee's Br. 13. We agree with the government that we lack jurisdiction over these issues.

We do not have jurisdiction as to Mr. Delano's claims for research and writing, internet service, and printing expenses because his claims are based on an application of law to fact. Contrary to Mr. Delano's assertion, the Veterans Court did not interpret EAJA to "deny reimbursement of the same type of expenses [awarded to represented parties] to *pro se* litigants." Appellant's Reply Br. 5. Rather, the Veterans Court simply applied the rule that "a litigant representing himself or herself may not be awarded attorney fees under EAJA." *Decision* at 46. Because the

Veterans Court's determination was based on a review of Mr. Delano's itemized list of the tasks he performed for his case, its determination was factual, not legal, and its denial of the application of EAJA to the facts of Mr. Delano's application lies outside of our jurisdiction.

Lastly, we disagree with Mr. Delano's suggestion that the proceedings below deprived him of his due process rights or other constitutional rights. *See* Appellant's Br. 19. The constitutional challenge raised by Mr. Delano to the Veterans Court's decision is a challenge in name only. *See, e.g., Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). Mr. Delano's alleged constitutional challenge does not confer jurisdiction that we otherwise lack over part of his appeal.

### III. CONCLUSION

We have considered Mr. Delano's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm-in-part* and *dismiss-in-part*.

### AFFIRMED-IN-PART, DISMISSED-IN-PART

#### COSTS

No costs.