NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES MORGAN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2149

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2763, Judge Margaret C. Bartley.

---

Decided: January 27, 2026

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by SOSUN BAE, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Charles Morgan appeals a final decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") finding no clear and unmistakable error ("CUE") in a 1986 Board of Veterans' Appeals ("Board") decision denying service connection for his musculoskeletal pain. *Morgan v. McDonough*, No. 23-2763, 2024 WL 2795214 (Vet. App. May 31, 2024) ("*Decision*"). For the reasons below, we affirm in part and dismiss in part.

## BACKGROUND

Mr. Morgan served in the U.S. Marine Corps from 1963 to 1967. He received treatment for coccidioidomycosis during service with no musculoskeletal complaints noted. No musculoskeletal abnormalities were noted in his 1968 examination, either. In 1984, he sought treatment for knee pain, and the treatment provider noted that Mr. Morgan had treatment for coccidioidomycosis in 1966 and had subsequently done "well without treatment" until he had a 1982 industrial injury. *Decision*, 2024 WL 2795214, at *2. Mr. Morgan filed for service connection for joint pains as secondary to his service-connected coccidioidomycosis. The regional office ("RO") denied his claim and Mr. Morgan appealed to the Board.

In 1985, Mr. Morgan testified before the Board stating that his joint pains started about a year after his coccidioidomycosis. He also testified that he had joint pains when he was being treated for coccidioidomycosis and that he complained of it during service. In 1986, the Board affirmed the RO's denial. The Board found that it was unable to associate Mr. Morgan's musculoskeletal pains with his

service-connected coccidioidomycosis and that his "joint disorders were not objectively demonstrated during service or within one year of separation." *Id.*

In 2022, Mr. Morgan moved the Board to revise its 1986 decision based on CUE. He alleged that the Board erred in its 1986 decision by failing to find his lay statements sufficient to establish presumptive service connection. He also argued that the 1986 decision failed to sympathetically read his claim to determine whether his evidence supported presumptive service connection. In 2023, the Board denied his motion, finding no undebatable error in its 1986 decision. The Board found that its 1986 decision considered both presumptive and secondary service connection. The Board noted that lay statements can be sufficient "but not to the exclusion of all other evidence of record." J.A. 19. It also found that Mr. Morgan provided inconsistent testimony as to when his joint pain symptoms began and that his assertions did not automatically entitle him to service connection if the other evidence of record suggested otherwise. Mr. Morgan appealed to the Veterans Court.

The Veterans Court affirmed the Board's 2023 decision. The court determined that (1) the Board's 1986 decision considered presumptive service connection because it found that "joint disorders were not objectively demonstrated during service or within one year of separation," *Decision*, 2024 WL 2795214, at *7 (quoting J.A. 17); and (2) Mr. Morgan failed to demonstrate that correcting any alleged flaws "would alter, with absolute clarity, the merits outcome of that decision, or that any such error was undebatable." *Id.*

Mr. Morgan timely appealed. Our jurisdiction over appeals from Veterans Court decisions is governed by 38 U.S.C. § 7292.

DISCUSSION

The scope of our review in an appeal from a Veterans Court's decision is limited. We may review a Veterans Court's decision on a rule of law or the validity or interpretation of any statue or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "[W]e review the Veterans Court's legal determinations de novo." *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). We "hold unlawful and set aside any regulation or any interpretation thereof" that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Morgan raises two main arguments. First, he argues that the Veterans Court erred in applying an undebatable error standard instead of a sympathetic reading to his CUE claim. Appellant's Br. 8; *see also* Oral Arg. at 5:37–6:04.[1] He contends that a more sympathetic reading would show that he reasonably raised a claim for presumptive service connection. Second, he argues that his lay statements show that his symptoms started within a year of service and were sufficient to establish presumptive service connection. We address each argument in turn.

As to the first issue, we see no error in the Veterans Court's decision to apply the undebatable-error standard.

---

[1] No. 24-2149, https://www.cafc.uscourts.gov/oral-arguments/24-2149_01072026.mp3.

Our cases are clear that CUE requires an undebatable error. *See, e.g.*, *George v. McDonough*, 991 F.3d 1227, 1233 (Fed. Cir. 2021) ("CUE must also be an 'undebatable' error that would have 'manifestly changed the outcome at the time it was made.'" (quoting *Willsey v. Peake*, 535 F.3d 1368, 1371 (Fed. Cir. 2008))). Indeed, the Veterans Court determined that the Board's 1986 decision sympathetically read his claim by considering both presumptive and secondary service connection. *Decision*, 2024 WL 2795214, at *5, *7. We, thus, affirm the Veterans Court's decision to apply the undebatable-error standard. To the extent Mr. Morgan disagrees with the Veterans Court's application of the undebatable-error standard or the sympathetic reading of his claim, that is an application of law to the facts of Mr. Morgan's case beyond our jurisdiction.

Next, we cannot consider Mr. Morgan's arguments that his lay statements were sufficient to establish presumptive service connection because his arguments challenge underlying factual findings beyond our jurisdiction. Specifically, he argues that his lay statements show that his symptoms started within a year of service. Appellant's Br. 15. We cannot address Mr. Morgan's arguments without reviewing factual determinations, which we lack jurisdiction to review. We therefore dismiss Mr. Morgan's appeal as to those determinations.

## CONCLUSION

We have considered Mr. Morgan's remaining arguments and find them unpersuasive. For the foregoing reasons we affirm in part and dismiss in part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.